B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**GMI USA Management, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>request pending for EIN | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State):<br>**21 Whitefriars Street**<br>**LONDON, UK EC4Y 8JJ**   ZIP CODE | Street Address of Joint Debtor (No. & Street, City, and State):   ZIP CODE |
|---|---|

| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):   ZIP CODE | Mailing Address of Joint Debtor (if different from street address):   ZIP CODE |
|---|---|

Location of Principal Assets of Business Debtor (if different from street address above):

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11      ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| **Chapter 15 Debtors** | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts**<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>-----------------------------------------<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ☐ 1-49 | ☐ 50-99 | ☑ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☑ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $10 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                          Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**GMI USA Management, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See Rider 1** | Case Number: | Date Filed: |
| District: **Southern District of New York** | Relationship: | Judge: |

| Exhibit A | Exhibit B<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br>X _____<br>    Signature of Attorney for Debtor(s)              (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                                Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**GMI USA Management, Inc.** |
|---|---|

## Signatures

| Signature(s) of Debtor (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *John P. Melko*<br>Signature of Attorney for Debtor(s)<br>**John P. Melko (13919600)**<br>Printed Name of Attorney for Debtor(s)<br>**GARDERE WYNNE SEWELL LLP**<br>Firm Name<br>**1000 Louisiana, Suite 3400**<br>**Houston, TX 77002-5011**<br>Address<br><br>**713-276-5500 Fax:713-276-5555**<br>Telephone Number<br>**September 15, 2015**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>**Justin Knowles**<br>Printed Name of Authorized Individual<br>**Chief Restructuring Officer**<br>Title of Authorized Individual<br>**September 15, 2015**<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110, 18 U.S.C. § 156.* |

**RIDER 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the Chapter 11 case of GMI USA Management, Inc.

1. GMI USA Management, Inc.

2. Global Maritime Investments Cyprus Limited

3. Global Maritime Investments Holdings Cyprus Limited

4. Global Maritime Investments Vessel Holdings PTE Limited

5. GMI Resources (Singapore) PTE Limited

**United States Bankruptcy Court**

**Southern District of New York**

In re    **GMI USA Management, Inc.**          Case No. _____

Debtor

Chapter _____ 11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Global Maritime Investments Holdings Cyprus Limited 21 Whitefriars St, London UNITED KINGDOM** | | **100%** | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date____**September 15, 2015**_____       Signature_____

**Justin Knowles**
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

### GMI USA MANAGEMENT, INC.

#### Resolutions by Written Consent of the Board of Directors

September 15, 2015

**WHEREAS**, the members of the board of directors (the "**Board**") of **GMI USA Management, Inc.** (the "Company"), acting by written consent without a meeting pursuant to Section 708(b) of the New York Business Corporation Law, **DO HEREBY ADOPT** the resolutions hereinafter set forth as the action of the Board by written consent as of the date set forth above, and **DO HEREBY DIRECT** that these resolutions be filed in the minutes of the Board for the Company:

WHEREAS, the Board previously reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business, creditors, and other parties in interest; and

WHEREAS, the Board deems it to be in the best interest of the Company to (i) file or cause to be filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York or other United States Bankruptcy Court (the "Bankruptcy Court"), (ii) retain Gardere Wynne Sewell LLP as bankruptcy counsel and AMA Capital Partners as financial advisor, and (iii) appoint Mr. Justin Knowles as Chief Restructuring Officer.

#### Authorization to File Voluntary Petition for Relieve Under Chapter 11

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and other interested parties that the Company file a petition for relief and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 in the United States Bankruptcy Court for the Southern District of New York or other United States Bankruptcy Court (the "Bankruptcy Court").

**FURTHER RESOLVED**, that any director or officer of the Company and each other person designated by Board (each such officer or person being an "Authorized Representative" and all being the "Authorized Representatives") and any of them be, and hereby is authorized and empowered to determine when to commence the Chapter 11 Case;

**FURTHER RESOLVED**, that each of the officers of the Company and each Authorized Representative hereby is authorized and empowered, in the name and on behalf of the Company, to execute and verify a petition to commence the Chapter 11 Case in the Bankruptcy Court;

**FURTHER RESOLVED,** that each of the Authorized Representatives and any of them be, and hereby is, authorized and directed to retain, in the name and on behalf of the Company, (1) the law firm of Gardere Wynne Sewell LLP to render legal services to, and to represent the Company in, and in connection with, the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, and (2) AMA Capital Partners as financial advisor, on such terms as such Authorized Representatives shall approve, such approval to be evidenced by their retention of such firm;

**FURTHER RESOLVED,** that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered in the name and on behalf of the Company to execute and file all petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers in the Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from other legal counsel, accountants, financial advisors or other professionals or advisors which they deem necessary, proper or desirable in connection with the Chapter 11 Case;

**FURTHER RESOLVED,** that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, certify, file and/or record and perform (or to cause the negotiation, execution, delivery, certification, filing and/or recordation and performance on behalf of the Company of) such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the discretion of such Authorized Representative appear to be or become necessary, proper or desirable in connection with the Chapter 11 Case or the other matters contemplated by these resolutions; to wind-down operations; to collect assets; to determine and satisfy claims; to effectuate any changes to organizational form, structure, and ownership consistent with the foregoing resolutions; and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions; the authority of any of the Authorized Representatives with respect thereto to be evidenced by the taking of such action; and further

**FURTHER RESOLVED,** that any and all past actions heretofore taken by any Authorized Representative, the Board or the officers in the name, or on behalf, of the Company in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

## Authorization to Appoint Chief Restructuring Officer

**RESOLVED,** that the Company is hereby authorized, empowered, and directed to appoint Mr. Justin Knowles as Chief Restructuring Officer, to serve in such capacity until such time as his successor is appointed or until his earlier resignation or removal.

2

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized, empowered, and directed to engage Mr. Justin Knowles as Chief Restructuring Officer on such terms and to pay a retainer in such amount as such Authorized Person shall deem necessary, desirable, or appropriate.

**FURTHER RESOLVED**, that, upon his engagement as Chief Restructuring Officer, Mr. Justin Knowles shall be deemed an Authorized Person for the Company.

### Authorization for Post-Petition Financing

**FURTHER RESOLVED**, that the form, terms, and provisions of the proposed Post-Petition Financing Agreement (the "Financing Agreement"), by and among the Companies, as borrowers, and Francolin, as lender (the "Lender"), the proposed Security Agreement, the proposed Joint and Several Promissory Note, and the other proposed Financing Documents (as defined in the Financing Agreement), with respect to a debtor-in-possession, super-priority term loan in an aggregate principal amount of up to $2.0 million, be, and hereby are, authorized, adopted, and approved in all respects, together with such changes therein as any Authorized Person shall deem necessary, desirable, or appropriate, the execution thereof by any Authorized Person to be conclusive evidence of such approval.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized, empowered, and directed to execute and deliver the Financing Agreement and each other Financing Document to which the Company is a party, together with such changes therein as any Authorized Person shall deem necessary, desirable, or appropriate, the execution thereof by any Authorized Person to be conclusive evidence of such approval.

**FURTHER RESOLVED**, that in accordance with the terms and conditions of the Financing Agreement, the Company, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, upon approval of the Bankruptcy Court, authorized to (i) borrow from the Lender such amounts as may be available to it under the Financing Agreement, (ii) incur indemnification and all other obligations to the Lender under the Financing Documents, and (iii) undertake all other transactions contemplated by the Financing Documents (collectively, the "Financing Transactions"), including the granting of liens on all of its assets to secure such obligations.

**FURTHER RESOLVED**, that Holdings and its subsidiaries will obtain benefits from the incurrence of the obligations and the consummation of the transactions contemplated by the Financing Documents, all of which are necessary and appropriate to the orderly liquidation of the business of Holdings and its subsidiaries.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to take

3

such actions as deemed necessary, desirable, or appropriate by such Authorized Person to execute, deliver, and/or file, as applicable, (a) such agreements, certificates, instruments, notices, assignments, and documents, including, without limitation, any amendments, supplements, modifications, and extensions to any Financing Documents, as deemed necessary, desirable, or appropriate by such Authorized Person to facilitate the Financing Transactions or as requested by the Lender; (b) all related motions, papers, or pleadings, as deemed necessary, desirable, or appropriate by such Authorized Person to facilitate the Financing Transactions or as requested by the Lender; and (c) such account control agreements, officer's certificates, and compliance certificates as required by the Financing Documents or as requested by the Lender.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to file or to authorize the Lender to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordations, and any assignments for security or other documents in the name of the Company that the Lender deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company, in each case as the Lender may request to perfect the security interests of the Lender under the Financing Documents.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to take all other actions under applicable law, including the law of Cypress, Singapore, or other relevant jurisdiction, that the Lender deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including to record or register such lien or security interest as a registrable charge at the Registrar of Companies in Cypress or other applicable registries of other applicable jurisdictions.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to take all such further actions to fully carry out the intent of the foregoing resolutions, including, without limitation, to pay or approve the payment of all indemnification obligations, fees, and expenses payable in accordance with the Financing Documents and all other fees and expenses incurred by or on behalf of the Company as deemed necessary, desirable, or appropriate by such Authorized Person to perform the Company's obligations under or in connection with the Financing Documents or the Financing Transactions.

4

**FURTHER RESOLVED**, that to the extent that the approval of Holdings, in its capacity as shareholder, is sought or required by any subsidiaries of Holdings in order to approve matters pertinent to the foregoing resolutions, such approval is hereby granted; and each Authorized Person is hereby authorized and empowered to represent Holdings and vote or consent to such matters on its behalf, with full authority to sign any relevant document to effectuate such approval, including any minutes of meetings; and any such documents executed by such Authorized Person, in the name of and on behalf of Holdings as shareholder, shall be deemed ratified by the Board without any further action required.

<u>**General Authority**</u>

**FURTHER RESOLVED**, that, in addition to the specific authorizations previously conferred upon each Authorized Person herein, each Authorized Person is hereby authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, execute and deliver any and all such agreements, pleadings, and other documents or papers, and pay all expenses, in each case as such Authorized Person determines to be necessary, desirable, or appropriate to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

**FURTHER RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any agreement, document, or instrument described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take all actions necessary, desirable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**FURTHER RESOLVED**, that all acts and things previously done by any directors or officers of the Company, on or prior to the date hereof, in the name and on behalf of the Company, in connection with the transactions contemplated by the foregoing resolutions are in all respects ratified, approved, confirmed and adopted as acts and deeds by and on behalf of the Company.

[Remainder of page intentionally left blank.]

5

IN WITNESS WHEREOF, the undersigned directors have executed this written consent, which may be executed in multiple counterparts, as of the date first written above.

in Athens, Greece

Panagiotis Kontos
Director

in Boston, Massachusetts

Kathryn Ilene Murtagh
Director

[Signature Page to Written Consent]

# GLOBAL MARITIME INVESTMENTS HOLDINGS CYPRUS LIMITED ("HOLDINGS")

## Resolutions by Written Consent of the Board of Directors

### September 15, 2015

**WHEREAS**, the members of the board of directors of Holdings (the "Board") **DO HEREBY ADOPT** the resolutions hereinafter set forth as the action of the Board by written consent as of the date set forth above, and **DO HEREBY DIRECT** that these resolutions be filed in the minutes of meetings of the Board for Holdings:

**WHEREAS**, the Board previously reviewed the materials presented by the management and the advisors of Holdings regarding the liabilities and liquidity situation of Holdings and its subsidiaries, the strategic alternatives available to them, and the impact of the foregoing on their businesses, creditors, and other parties in interest; and at a meeting on September 2, 2015, authorized Holdings and its subsidiaries, GMI USA Management, Inc., Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited, and Global Maritime Investments Resources (Singapore) Pte. Limited (collectively, including Holdings, the "Companies") (but excluding GMI Panamax Pool Limited) to (i) file or cause to be filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York or other United States Bankruptcy Court (the "Bankruptcy Court"), (ii) retain Gardere Wynne Sewell LLP as bankruptcy counsel and AMA Capital Partners as financial advisor, and (iii) appoint Mr. Bote de Vries as Chief Restructuring Officer.

**WHEREAS**, Mr. Bote de Vries has declined to be engaged as Chief Restructuring Officer.

### Authorization to Appoint Chief Restructuring Officer

**RESOLVED**, that each Company is hereby authorized, empowered, and directed to appoint Mr. Justin Knowles as Chief Restructuring Officer, to serve in such capacity until such time as his successor is appointed or until his earlier resignation or removal.

**FURTHER RESOLVED**, that any director or officer of each Company, acting for, on behalf of, and in the name of such Company (each, an "Authorized Person" and collectively, the "Authorized Persons") is hereby authorized, empowered, and directed to engage Mr. Justin Knowles as Chief Restructuring Officer on such terms and to pay a retainer in such amount as such Authorized Person shall deem necessary, desirable, or appropriate.

52668911_3

**FURTHER RESOLVED**, that, upon his engagement as Chief Restructuring Officer, Mr. Justin Knowles shall be deemed an Authorized Person for each Company.

**FURTHER RESOLVED**, that the resolution of the Board made on September 2, 2015, authorizing and directing the appointment of Mr. Bote De Vries as Chief Restructuring Officer, is hereby rescinded for all purposes.

## Authorization for Post-Petition Financing

**FURTHER RESOLVED**, that the form, terms, and provisions of the proposed Post-Petition Financing Agreement (the "Financing Agreement"), by and among the Companies, as borrowers, and Francolin, as lender (the "Lender"), the proposed Security Agreement, the proposed Joint and Several Promissory Note, and the other proposed Financing Documents (as defined in the Financing Agreement), with respect to a debtor-in-possession, super-priority term loan in an aggregate principal amount of up to $2.0 million, be, and hereby are, authorized, adopted, and approved in all respects, together with such changes therein as any Authorized Person shall deem necessary, desirable, or appropriate, the execution thereof by any Authorized Person to be conclusive evidence of such approval.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized, empowered, and directed to execute and deliver the Financing Agreement and each other Financing Document to which each Company is a party, together with such changes therein as any Authorized Person shall deem necessary, desirable, or appropriate, the execution thereof by any Authorized Person to be conclusive evidence of such approval.

**FURTHER RESOLVED**, that in accordance with the terms and conditions of the Financing Agreement, each Company, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, upon approval of the Bankruptcy Court, authorized to (i) borrow from the Lender such amounts as may be available to it under the Financing Agreement, (ii) incur indemnification and all other obligations to the Lender under the Financing Documents, and (iii) undertake all other transactions contemplated by the Financing Documents (collectively, the "Financing Transactions"), including the granting of liens on all of its assets to secure such obligations.

**FURTHER RESOLVED**, that Holdings and its subsidiaries will obtain benefits from the incurrence of the obligations and the consummation of the transactions contemplated by the Financing Documents, all of which are necessary and appropriate to the orderly liquidation of the business of Holdings and its subsidiaries.

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of each Company, to take such actions as deemed necessary, desirable, or appropriate by such

2



Authorized Person to execute, deliver, and/or file, as applicable, (a) such agreements, certificates, instruments, notices, assignments, and documents, including, without limitation, any amendments, supplements, modifications, and extensions to any Financing Documents, as deemed necessary, desirable, or appropriate by such Authorized Person to facilitate the Financing Transactions or as requested by the Lender; (b) all related motions, papers, or pleadings, as deemed necessary, desirable, or appropriate by such Authorized Person to facilitate the Financing Transactions or as requested by the Lender; and (c) such account control agreements, officer's certificates, and compliance certificates as required by the Financing Documents or as requested by the Lender.

**FURTHER RESOLVED,** that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of each Company, to file or to authorize the Lender to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordations, and any assignments for security or other documents in the name of such Company that the Lender deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company, in each case as the Lender may request to perfect the security interests of the Lender under the Financing Documents.

**FURTHER RESOLVED,** that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of each Company, to take all other actions under applicable law, including the law of Cypress, Singapore, or other relevant jurisdiction, that the Lender deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including to record or register such lien or security interest as a registrable charge at the Registrar of Companies in Cypress or other applicable registries of other applicable jurisdictions.

**FURTHER RESOLVED,** that each Authorized Person is hereby authorized and empowered, in the name of and on behalf of each Company, to take all such further actions to fully carry out the intent of the foregoing resolutions, including, without limitation, to pay or approve the payment of all indemnification obligations, fees, and expenses payable in accordance with the Financing Documents and all other fees and expenses incurred by or on behalf of such Company as deemed necessary, desirable, or appropriate by such Authorized Person to perform such Company's obligations under or in connection with the Financing Documents or the Financing Transactions.

**FURTHER RESOLVED,** that to the extent that the approval of Holdings, in its capacity as shareholder, is sought or required by any subsidiaries of Holdings in order to approve matters pertinent to the foregoing resolutions,

3

52668911_3



such approval is hereby granted; and each Authorized Person is hereby authorized and empowered to represent Holdings and vote or consent to such matters on its behalf, with full authority to sign any relevant document to effectuate such approval, including any minutes of meetings; and any such documents executed by such Authorized Person, in the name of and on behalf of Holdings as shareholder, shall be deemed ratified by the Board without any further action required.

## Establishment of US Subsidiary

RESOLVED, that the Board of Directors deems it to be in the best interest of the Company that the Company form GMI USA Management, Inc. ("GMI"), a corporation, pursuant to the laws of the State of New York and that GMI will be a wholly owned subsidiary of the Company;

RESOLVED, that the officers of the Company be, and hereby are, authorized, empowered and directed to do all things and acts, to execute and deliver all instruments, documents and certificates and to pay all costs, fees and taxes as may be, in such officer's sole judgment, necessary, proper or advisable in connection with the formation of GMI and in order to carry out and comply with the purposes and intent of the foregoing resolutions; and that all of the acts or deeds of the officers pursuant to the foregoing be and hereby are, in all respects, approved, confirmed, ratified and adopted as the acts and deeds of the Company.

## General Authority

FURTHER RESOLVED, that, in addition to the specific authorizations previously conferred upon each Authorized Person herein, each Authorized Person is hereby authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such further actions, execute and deliver any and all such agreements, pleadings, and other documents or papers, and pay all expenses, in each case as such Authorized Person determines to be necessary, desirable, or appropriate to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

FURTHER RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any agreement, document, or instrument described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take all actions necessary, desirable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

FURTHER RESOLVED, that all acts and things previously done by any directors or officers of each Company, on or prior to the date hereof, in the name

4



and on behalf of such Company, in connection with the transactions contemplated by the foregoing resolutions are in all respects ratified, approved, confirmed and adopted as acts and deeds by and on behalf of such Company.



5

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

in Nicosia, Cyprus                in Athens, Greece                in Boston, Massachusetts

_____            _____            _____
Philippos Philippou                Panagiotis Kontos                Kathryn Ilene Murtagh
Director                           Director                           Director

[Signature Page to Written Consent]

52668911_3

**IN WITNESS WHEREOF**, the undersigned directors have executed this written consent as of the date first written above.

in Nicosia, Cyprus                    in Athens, Greece                    in Boston, Massachusetts

Philippos Philippou              Panagiotis Kontos              Kathryn Ilene Murtagh
Director                                 Director                              Director

[Signature Page to Written Consent]

S2668911_2

**UNANIMOUS WRITTEN CONSENT**

**OF**

**THE BOARD OF DIRECTORS**

**OF**

**GMI USA MANAGEMENT, INC.**

**IN LIEU OF ORGANIZATIONAL MEETING**

**Effective September 4, 2015**

The undersigned, being all of the directors of GMI USA Management, Inc., a New York corporation (the "**Corporation**"), acting by written consent without a meeting pursuant to Section 708(b) of the New York Business Corporation Law, do hereby consent to the adoption of the following resolutions:

**RESOLVED**, that all of the actions of the incorporator of the Corporation, taken on behalf of the Corporation be, and they hereby are, ratified, confirmed, approved and adopted as actions of the Corporation;

**RESOLVED**, that the officers of the Corporation be, and each of them hereby is, authorized and directed, for and on behalf of the Corporation, to pay all charges and expenses incident to or arising out of the incorporation of the Corporation and to reimburse the persons who have made any disbursements therefor;

**RESOLVED**, that the by-laws for the regulation of the Corporation, attached hereto as Exhibit A (the "**By-laws**") and incorporated herein by reference, are hereby ratified, adopted and approved as the By-laws of this Corporation;

**RESOLVED**, that the form of corporate seal imprinted below hereby is adopted as the form of corporate seal of the Corporation;

**RESOLVED**, that the following persons be, and each of them hereby is, elected to serve in the offices of the Corporation set opposite their respective names, each to hold such offices until his respective successor is duly elected and qualified or until his earlier resignation or removal:

President                     Thomas Oliphant

Vice-President                Elisabeth Clark

Gardere01 - 7042408v.2

Secretary                                        Mark Flatt

Chief Restructuring Officer           Justin Knowles

**RESOLVED**, that the form of stock certificate, a specimen of which is attached hereto as Exhibit B, hereby is approved and adopted as the form of certificate to evidence shares of Common Stock of the Corporation;

**RESOLVED**, that the board of directors of the Corporation hereby authorizes and directs that a certificate representing shares of Common Stock of the Corporation be issued to the shareholders set forth in Exhibit C and in such amounts as described in Exhibit C and that such shares, when issued pursuant to this resolution, shall be validly issued, fully paid and non-assessable shares of Common Stock of the Corporation;

**RESOLVED**, that it is the judgment of the board of directors that fair consideration for the initial issuance of the Corporation's Common Stock shall be $10 per share;

**RESOLVED**, that each of the officers of the Corporation be, and each of them hereby is, authorized, empowered and directed to open and maintain one or more bank accounts for the Corporation, at such banks as each such officer may determine, and that in connection therewith each such officer may execute and deliver on behalf of the Corporation such forms of banking resolutions as such banks may request and each such officer may approve, which resolutions, when executed by such officer or officers and inserted in the minute book of the Corporation, shall be deemed to be duly adopted resolutions of the board of directors of the Corporation with the same full force and effect as if such resolutions had been set forth herein in their entirety;

**RESOLVED**, that the officers of the Corporation hereby are authorized to execute, deliver and file all certificates and documents and to do all other acts and things necessary or advisable, or convenient and proper, to open bank accounts on behalf of the Corporation in accordance with the above resolution;

**RESOLVED**, that the fiscal year of the Corporation shall end on December 31 of each year;

**RESOLVED**, that for the purpose of authorizing the Corporation to do business in any state, territory or dependency of the United States or any foreign country in which it is necessary or expedient for the Corporation to transact business, the officers of the Corporation hereby are authorized to appoint and substitute all necessary agents or attorneys for service of process, to designate and change the location of all necessary

statutory offices and, if applicable, under the corporate seal, to make and file all necessary certificates, reports, powers of attorney and other instruments as may be required by the laws of such state, territory, dependency or country to authorize the Corporation to transact business therein and whenever it is expedient for the Corporation to cease doing business therein and withdraw therefrom, to revoke any appointment of agent or attorney for service of process and to file such certificates, reports, revocation of appointment or surrender of authority of the Corporation to do business in any such state, territory, dependency or country;

**RESOLVED**, that the officers of the Corporation be, and each of them hereby is, authorized to take all such further action, as any such officer may deem necessary, proper, convenient or desirable in order to carry out each of the foregoing resolutions and fully to effectuate the purposes and intents thereof, and that all actions taken by the officers of the Corporation to date, in connection with the foregoing resolutions, or otherwise, are hereby in all respects confirmed, ratified and approved; and

**RESOLVED**, that an executed copy of this Unanimous Written Consent shall be filed with the minutes of the proceedings of the board of directors.

This Unanimous Written Consent may be signed in two or more counterparts, each of which shall be deemed an original, and all of which shall be deemed one instrument.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned directors have duly executed this Unanimous Written Consent as of September ___, 2015.

in Athens, Greece                              in Boston, Massachusetts

_____                        _____
Panagiotis Kontos                              Kathryn Ilene Murtagh
Director                                       Director

**EXHIBIT A**

**BY-LAWS OF GMI USA MANAGEMENT, INC.**

**ARTICLE I**
**MEETINGS OF THE SHAREHOLDERS**

**Section 1.01    Offices.** The principal office of the corporation shall be as stated in the certificate of incorporation. The corporation may also have offices and places of business at such other places within and without the State of New York as the board of directors may from time to time determine.

**Section 1.02    Annual Meeting.** The annual meeting of the shareholders of the corporation, for the election of directors and for the transaction of such other business as may be set forth in the notice of the meeting, shall be held each year at such time and such place within or without the State of New York as the board of directors shall determine and the notice of the meeting or a duly executed waiver of notice shall specify.

**Section 1.03    Special Meetings.** Special meetings of the shareholders for any purpose or purposes may be called by the board of directors and shall be held on such date, at such time and place, either within or without the State of New York, as shall be determined by the board of directors and stated in the notice of the meeting. The only business which may be conducted at a special meeting, other than procedural matters and matters relating to the conduct of the meeting, shall be the matter or matters described in the notice of such meeting.

**Section 1.04    Notice of Meetings.** Written notice of each meeting of the shareholders shall be given, personally or by mail (written or electronic), not fewer than ten nor more than 60 days before the date of the meeting, to each shareholder entitled to vote at such meeting. If mailed, such notice shall be deposited in the United States mail, with first-class postage thereon prepaid, directed to the shareholder at his or her address as it appears on the record of shareholders, or, if a shareholder shall have filed with the Secretary of the corporation a written request that notices to such shareholder be mailed to some other address, then directed to such shareholder at such other address. If transmitted electronically, such notice shall be directed to the shareholder's electronic address supplied to the Secretary of the corporation or as otherwise directed pursuant to the shareholder's authorization or instructions. The notice shall state the place, date and hour of the meeting, the purpose or purposes for which the meeting is called if a special meeting and, unless it is the annual meeting, indicate that the notice is being issued by or at the direction of the person or persons calling the meeting. The notice need not refer to

Gardere01 - 7042408v.2

the approval of minutes or to other matters normally incident to the conduct of the meeting. Except for such matters, the business which may be transacted at the meeting shall be confined to business which is related to the purpose or purposes set forth in the notice.

Section 1.05   Waiver of Notice. Notice of meeting need not be given to any shareholder who submits a waiver of notice. Waiver of notice may be written or electronic and may be submitted before or after the meeting. The attendance of any shareholder at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall constitute a waiver of such notice by him or her.

Section 1.06   Procedure. At each meeting of shareholders, the order of business and all other matters of procedure shall be determined by the person presiding at the meeting.

Section 1.07   List of Shareholders. A list of shareholders as of the record date, certified by the corporate officer responsible for its preparation or by a transfer agent, shall be produced at any meeting of shareholders upon the request thereat or prior thereto of any shareholder. If the right to vote at any meeting is challenged, the inspectors of election, or person presiding thereat, shall require such list of sharcholders to be produced as evidence of the right of the persons challenged to vote at such meeting, and all persons who appear from such list to be shareholders entitled to vote thereat may vote at such meeting.

Section 1.08   Quorum At each meeting of shareholders for the transaction of any business, a quorum must be present to organize such meeting. Except as otherwise provided by law, a quorum shall consist of the holders of a majority of the votes of shares of the corporation entitled to vote at such meeting, present either in person or by proxy. When a quorum is once present to organize a meeting of the shareholders, it is not broken by the subsequent withdrawal of any shareholders.

Section 1.09   Adjournments. The shareholders entitled to vote who are present in person or by proxy at any meeting of shareholders, whether or not a quorum shall be present at the meeting, shall have power by a majority vote to adjourn the meeting from time to time without notice other than announcement at the meeting of the time and place to which the meeting is adjourned. At any adjourned meeting at which a quorum is present any business may be transacted that might have been transacted on the original date of the meeting, and the shareholders entitled to vote at the meeting on the original date (whether or not they were present thereat), and no others, shall be entitled to vote at such adjourned meeting. However, if after the adjournment the board fixes a new record

date for the adjourned meeting, notice of the adjourned meeting shall be given to each shareholder of record on the new record date entitled to such notice.

**Section 1.10   Voting; Proxies.** Each shareholder of record shall be entitled at every meeting of shareholders to one vote for each share having voting power standing in the shareholder's name on the record of shareholders of the corporation on the record date fixed pursuant to **Section 6.03** of these by-laws unless otherwise provided in the certificate of incorporation of the corporation. Each shareholder entitled to vote at a meeting of shareholders may vote in person, or may authorize another person or persons to act for the shareholder by proxy. Any proxy shall be signed by the shareholder or the shareholder's duly authorized agent or attorney-in-fact and shall be delivered to the secretary of the meeting. The signature of a shareholder on any proxy, including without limitation a telegram, cablegram, facsimile signature or other means of electronic transmission, may be printed, stamped or written, provided such signature is executed or adopted by the shareholder with intention to authenticate the proxy. No proxy shall be valid after the expiration of 11 months from the date of its execution unless otherwise provided in the proxy. Every proxy shall be revocable at the pleasure of the shareholder executing it, except as otherwise provided by law.

Directors shall, except as otherwise provided by law or the certificate of incorporation, be elected by a plurality of the votes cast by the holders of shares entitled to vote in the election. All other corporate action to be taken by vote of the shareholders shall, except as otherwise provided by law, the certificate of incorporation or these by-laws, be authorized by a majority of the votes cast in favor of such action at a meeting of the shareholders. The vote for directors, or upon any corporate action coming before a meeting of shareholders, shall not be by ballot unless the person presiding at such meeting shall so direct or any shareholder, present in person or by proxy and entitled to vote thereon, shall so demand. Except as otherwise provided in the certificate of incorporation, an abstention shall not constitute a vote cast.

**Section 1.11   Appointment of Inspectors of Election.** The board of directors may, in advance of any meeting of the shareholders, appoint one or more inspectors to act at the meeting or any adjournment thereof, and shall do so if the corporation has a class of voting shares that is listed on a national securities exchange or authorized for quotation on an interdealer quotation system of a registered national securities association. If inspectors are not so appointed in advance of the meeting, the person presiding at such meeting may, and on the request of any shareholder entitled to vote thereat shall, appoint one or more inspectors. In case any inspector appointed fails to appear or act, the vacancy may be filled by appointment made by the board of directors in advance of the meeting or at the meeting by the person presiding thereat. Each inspector, before entering upon the discharge of his or her duties, shall take and sign an oath faithfully to execute the duties of inspector at such meeting with strict impartiality and according to the best of his or her

ability. No person who is a candidate for the office of director of the corporation shall act as an inspector at any meeting of the shareholders at which directors are elected.

**Section 1.12  Duties of Inspectors of Election.** Whenever one or more inspectors of election may be appointed as provided in these by-laws, he or she or they shall determine the number of shares outstanding and entitled to vote, the shares represented at the meeting, the existence of a quorum, and the validity and effect of proxies, and shall receive votes, ballots or consents, hear and determine all challenges and questions arising in connection with the right to vote, count and tabulate all votes, ballots, or consents, determine the result, and do such acts as are proper to conduct the election or vote with fairness to all shareholders.

**Section 1.13  Written Consent of Shareholders Without a Meeting.** Whenever by law shareholders are required or permitted to take any action by vote, such action may be taken without a meeting on written consent, setting forth the action so taken, signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted. Every written consent shall bear the date of signature of each shareholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered in the manner required by this **Section 1.13**, written consents signed by the requisite holders to take action are delivered to the corporation. Written consent thus given by the holders of all such number of shares as is required under this **Section 1.13** shall have the same effect as a valid vote of holders of such number of shares. Prompt notice of the taking of any corporate action without a meeting by less than unanimous written consent shall be given to those shareholders who have not consented in writing.

## ARTICLE II
### DIRECTORS

**Section 2.01  Number and Qualifications.** The board of directors shall consist of one or more members. Subject to any provision as to the number of directors contained in the certificate of incorporation or these by-laws, the exact number of directors shall be fixed from time to time by action of the shareholders or by vote of a majority of the entire board of directors, provided that no decrease in the number of directors shall shorten the term of any incumbent director. If the number of directors be increased at any time, the vacancy or vacancies in the board arising from such increase shall be filled as provided in **Section 2.06**. If the number of directors is not otherwise fixed as provided above, it shall be one. Each of the directors shall be at least 18 years of age.

**Section 2.02   Powers.** The business of the corporation shall be managed under the direction of the board of directors, which shall have and may exercise all of the powers of the corporation except such as are expressly conferred upon the shareholders by law, by the certificate of incorporation or by these by-laws.

**Section 2.03   Election and Term of Office.** Except as otherwise provided by law or these by-laws, each director of the corporation shall be elected at an annual meeting of shareholders or at any meeting of the shareholders held in lieu of such annual meeting, which meeting, for the purposes of these by-laws, shall be deemed the annual meeting, and shall hold office until the next annual meeting of shareholders and until his or her successor has been elected and qualified.

**Section 2.04   Resignation.** Any director of the corporation may resign at any time by giving his or her resignation to the President or any Vice President or the Secretary. Such resignation shall take effect at the time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

**Section 2.05   Removal of Directors.** Any or all of the directors may be removed with or without for cause by vote of the shareholders.

**Section 2.06   Vacancies.** Except as otherwise provided by law or these by-laws, newly created directorships resulting from an increase in the number of directors and vacancies occurring in the board of directors for any reason, except the removal of directors without cause, may be filled by vote of a majority of the directors then in office, even if less than a quorum exists. Any such newly created directorships and vacancies occurring in the board of directors for any reason may also be filled by vote of the shareholders at any meeting of shareholders and notice of which shall have referred to the proposed election. If any such newly created directorships or vacancies occurring in the board of directors for any reason shall not be filled prior to the next annual meeting of shareholders, they shall be filled by vote of the shareholders at such annual meeting. A director elected to fill a vacancy, unless elected by the shareholders, shall hold office until the next meeting of shareholders at which the election of directors is in the regular order of business, and until his or her successor has been elected and qualified.

**Section 2.07   Directors' Fees.** Directors may receive a fee for their services as directors and travelling and other out-of-pocket expenses incurred in attending any regular or special meeting of the board. The fee may be a fixed sum to be paid for attending each meeting of the board of directors or a fixed sum to be paid monthly, quarterly or semi-annually, irrespective of the number of meetings attended or not attended. The amount of the fee, if any, and the basis on which it shall be paid shall be

determined by the board of directors. Nothing herein contained shall preclude any director from serving the corporation in any other capacity and receiving compensation for such services.

Section 2.08    First Meeting of Newly Elected Directors. The first meeting of the newly elected board of directors may be held immediately after the annual meeting of shareholders and at the same place as such annual meeting of shareholders, provided a quorum be present, and no notice of such meeting shall be necessary. In the event such first meeting of the newly elected board of directors is not held at said time and place, the same shall be held as provided in Section 2.09.

Section 2.09    Meetings of Directors. Regular and special meetings of the board of directors may be held at such times and at such places, within or without the State of New York as the board of directors or the President, or, in the absence or disability of the President, any Vice President, may determine.

Section 2.10    Notice of Meetings. Regular meetings of the board of directors may be held without notice if the times and places of such meetings are fixed by the board. Except as provided in the preceding sentence, notice of each regular or special meeting of the board of directors to be held in accordance with Section 2.09, stating the time and place thereof, shall be given by the President, the Secretary, any Assistant Secretary or any member of the board to each member of the board (a) not less than three days before the meeting by depositing the notice in the United States mail, with first-class postage thereon prepaid, directed to each member of the board at the address designated by him or her for such purpose (or, if none is designated, at his or her last known address), or (b) not less than 24 hours before the meeting by either (i) delivering the same to each member of the board personally, (ii) sending the same by telephone, telegraph, cable, electronic mail or other transmission method to the address or contact information designated by him or her for such purposes (or, if none is designated, to his or her last known address or other contact information) or (iii) delivering the notice to the address or other contact information designated by him or her for such purpose (or, if none is designated, to his or her last known address or contact information). Notice of a meeting need not be given to any director who submits a signed waiver of notice whether before or after the meeting. The notice of any meeting of the board of directors need not specify the purpose or purposes for which the meeting is called, except as provided in Section 2.06 and as provided in Article IX of these by-laws.

Section 2.11    Quorum and Action By the Board. At all meetings of the board of directors, except as otherwise provided by law, the certificate of incorporation or these by-laws, a quorum shall be required for the transaction of business and shall consist of not less than a majority of the entire board, and the vote of a majority of the directors

present shall decide any question that may come before the meeting. A majority of the directors present, whether or not a quorum is present, may adjourn any meeting to another time or place without notice other than announcement at the meeting of the time and place to which the meeting is adjourned.

**Section 2.12    Procedure** The order of business and all other matters of procedure at every meeting of directors may be determined by the person presiding at the meeting.

**Section 2.13    Action Without a Meeting.** Any action required or permitted to be taken by the board or any committee thereof may be taken without a meeting if all members of the board or the committee consent in writing to the adoption of a resolution authorizing the action. The resolution and the written consents thereto by the members of the board or committee shall be filed with the minutes of the proceedings of the board or committee.

**Section 2.14    Presence at a Meeting By Telephone.** Unless otherwise restricted by the certificate of incorporation of the corporation, members of the board of directors or any committee thereof may participate in a meeting of such board or committee by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation in a meeting by such means shall constitute presence in person at such meeting.

## ARTICLE III
### COMMITTEES OF DIRECTORS

**Section 3.01    Designation of Committees.** The board of directors, by resolution or resolutions adopted by a majority of the entire board, may designate from among its members an executive committee and other committees, each consisting of one or more directors, and may designate one or more directors as alternate members of any such committee, who may replace any absent or disqualified member or members at any meeting of such committee. In the interim between meetings of the board of directors, the executive committee, if and to the extent permitted in the resolution designating such committee, shall have all the authority of the board of directors except as otherwise provided by law and shall serve at the pleasure of the board of directors. Each other committee so designated shall have such name as may be provided from time to time in the resolution or resolutions, shall serve at the pleasure of the board of directors and shall have, to the extent provided in such resolution or resolutions, all the authority of the board of directors except as otherwise provided by law.

**Section 3.02   Acts and Proceedings.** All acts done and power and authority conferred by the executive committee from time to time within the scope of its authority shall be, and may be deemed to be, and may be specified as being, the act and under the authority of the board of directors. The executive committee and each other committee shall keep regular minutes of its proceedings and report its actions to the board of directors when required.

**Section 3.03   Compensation.** Members of the executive committee or of any other committee may receive such compensation for their services as the board of directors shall from time to time determine.

## ARTICLE IV
### OFFICERS

**Section 4.01   Officers.** The board of directors may annually appoint or elect a President, one or more Vice Presidents, a Secretary and a Treasurer. The board of directors may from time to time appoint or elect such additional officers as it may determine. Such additional officers shall have such titles and such authority and perform such duties as the board of directors may from time to time prescribe.

**Section 4.02   Term of Office.** The President, each Vice President, the Secretary and the Treasurer shall, unless otherwise determined by the board of directors, hold office until the first meeting of the board following the next annual meeting of shareholders and until their successors have been appointed or elected and qualified. Each additional officer appointed or elected by the board of directors shall hold office for such term as shall be determined from time to time by the board of directors and until his or her successor has been appointed or elected and qualified. Any officer, however, may be removed or have his or her authority suspended by the board of directors at any time, with or without cause. If the office of any officer becomes vacant for any reason, the board of directors shall have the power to fill such vacancy.

**Section 4.03   The President.** The President shall be the chief executive officer of the corporation. He or she shall preside at all meetings of the shareholders and of the board of directors. He or she shall have the general powers and duties of supervision and management of the corporation which usually pertain to his or her office, and shall perform all such other duties as are properly required of him or her by the board of directors.

**Section 4.04   The Vice Presidents.** Each Vice President may be designated by such title as the board of directors may determine, and each such Vice President in such order of seniority as may be determined by the board, shall, in the absence or disability of

the President, or at his or her request, perform the duties and exercise the powers of the President. Each Vice President also shall have such powers and perform such duties as usually pertain to his or her office or as are properly required of him or her by the board of directors.

Section 4.05   **The Secretary and Assistant Secretaries.** The Secretary shall issue notices of all meetings of shareholders and directors where notices of such meetings are required by law or these by-laws. He or she shall attend all meetings of shareholders and of the board of directors and keep the minutes thereof. He or she shall affix the corporate seal to and sign such instruments as require the seal and his or her signature and shall perform such other duties as usually pertain to his or her office or as are properly required of him or her by the board of directors.

Each Assistant Secretary may, in the absence or disability of the Secretary, or at his or her request or the request of the President, perform the duties and exercise the powers of the Secretary, and shall perform such other duties as the board of directors shall prescribe.

Section 4.06   **The Treasurer and Assistant Treasurers.** The Treasurer shall have the care and custody of all the moneys and securities of the corporation. He or she shall cause to be entered in books of the corporation to be kept for that purpose full and accurate accounts of all moneys received by him or her and paid by him or her on account of the corporation. The Treasurer shall make and sign such reports, statements and instruments as may be required of him or her by the board of directors or by the laws of the United States or by any state, country or other jurisdiction in which the corporation transacts business, and shall perform such other duties as usually pertain to his or her office or as are properly required of him or her by the board of directors.

Each Assistant Treasurer may, in the absence or disability of the Treasurer, or at his or her request or the request of the President, perform the duties and exercise the powers of the Treasurer and shall perform such other duties as the board of directors shall prescribe.

Section 4.07   **Officers Holding Two or More Offices.** Any two or more offices may be held by the same person. When all the issued and outstanding shares of the corporation are held by one individual, such individual may hold all or any combination of offices.

Section 4.08   **Duties of Officers May be Delegated.** In case of the absence or disability of any officer of the corporation or in case of a vacancy in any office or for any other reason that the board of directors may deem sufficient, the board of directors,

except as otherwise provided by law, may temporarily delegate the powers or duties of any officer to any other officer or to any director.

**Section 4.09  Compensation.** The compensation of each officer shall be determined by the board of directors. The compensation of all other employees shall be fixed by the President or the President's designees within such limits as may be prescribed by the board of directors.

**Section 4.10  Security.** The board of directors may require any officer, agent or employee of the corporation to give security for the faithful performance of his or her duties, in such amount as may be satisfactory to the board. Such security may be in the form of a fidelity bond obtained by the corporation at its expense.

## ARTICLE V
### INDEMNIFICATION OF DIRECTORS AND OFFICERS

**Section 5.01  Right of Indemnification.** Each director or officer of the corporation, whether or not then in office, and any person whose testator or intestate was such a director or officer, shall be indemnified by the corporation for the defense of, or in connection with, any threatened, pending or completed actions or proceedings and appeals therein, whether civil, criminal, administrative or investigative, in accordance with and to the fullest extent permitted by the Business Corporation Law of the State of New York or other applicable law, as such law now exists or may hereafter be adopted or amended, against, without limitation, all judgments, fines, amounts paid in settlements, and all expenses, including attorneys' fees, costs and disbursements, actually and reasonably incurred by such person as a result of such action or proceeding, or actually and reasonably incurred by such person (a) in making an application for payment of such expenses before any court or other governmental body, (b) in otherwise seeking to enforce the provisions of this **Section 5.01**, or (c) in securing or enforcing such person's right under any policy or director or officer liability insurance provided by the corporation; provided, however, that the corporation shall provide indemnification in connection with an action or proceeding (or part thereof) initiated by such a director or officer only if such action or proceeding (or part thereof) was authorized by the board of directors.

**Section 5.02  Advancement of Expenses.** Expenses incurred by a director or officer in connection with any action or proceeding as to which indemnification may be given under **Section 5.01** may be paid by the corporation in advance of the final disposition of such action or proceeding upon (a) the receipt of an undertaking by or on behalf of such director or officer to repay such advancement in case such director or officer is ultimately found not to be entitled to indemnification as authorized by this

Article V and (b) approval by the board of directors acting by a quorum consisting of directors who are not parties to such action or proceeding or, if such a quorum is not obtainable, then approval by the shareholders. To the extent permitted by law, the board of directors or, if applicable, the shareholders, shall not be required to find that the director or officer has met the applicable standard of conduct provided by law for indemnification in connection with such action or proceeding before the corporation makes any advance payment of expenses hereunder.

**Section 5.03   Availability and Interpretation** To the extent permitted under applicable law, the rights of indemnification and to the advancement of expenses provided in this Article V (a) shall be available with respect to events occurring prior to the adoption of this Article V, (b) shall continue to exist after any rescission or restrictive amendment of this Article V with respect to events occurring prior to such rescission or amendment, (c) shall be interpreted on the basis of applicable law in effect at the time of the occurrence of the event or events giving rise to the action or proceeding or, at the sole discretion of the director or officer or, if applicable, the testator or intestate of such director or officer seeking such rights, on the basis of applicable law in effect at the time such rights are claimed and (d) shall be in the nature of contract rights that may be enforced in any court of competent jurisdiction as if the corporation and the director or officer for whom such rights are sought were parties to a separate written agreement.

**Section 5.04   Other Rights.** The rights of indemnification and to the advancement of expenses provided in this Article V shall not be deemed exclusive of any other rights to which any director or officer of the corporation or other person may now or hereafter be otherwise entitled whether contained in the certificate of incorporation, these by-laws, a resolution of the shareholders, a resolution of the board of directors or an agreement providing for such indemnification, the creation of such other rights being hereby expressly authorized. Without limiting the generality of the foregoing, the rights of indemnification and to the advancement of expenses provided in this Article V shall not be deemed exclusive of any rights, pursuant to statute or otherwise, of any director or officer of the corporation or other person in any action or proceeding to have assessed or allowed in his or her favor, against the corporation or otherwise, his or her costs and expenses incurred therein or in connection therewith or any part thereof.

**Section 5.05   Severability.** If this Article V or any part hereof shall be held unenforceable in any respect by a court of competent jurisdiction, it shall be deemed modified to the minimum extent necessary to make it enforceable, and the remainder of this Article V shall remain fully enforceable.

## ARTICLE VI
### SHARES

**Section 6.01   Certificate of Shares.** The shares of the corporation shall be represented by certificates which shall be numbered and shall be entered in the records of the corporation as they are issued. Each share certificate shall when issued state upon the face thereof that the corporation is formed under the laws of the State of New York, the name of the person or persons to whom issued, and the number and class of shares and the designation of the series, if any, which such certificate represents and shall be signed by the President or a Vice President and by the Treasurer, an Assistant Treasurer, the Secretary or an Assistant Secretary, and shall be sealed with the seal of the corporation or a facsimile thereof. The signatures of the officers upon a certificate may be facsimiles if (a) the certificate is countersigned by a transfer agent or registered by a registrar other than the corporation itself or its employee or (b) the corporation's shares are listed on a registered national securities exchange. In case any officer who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, it may be issued by the corporation with the same effect as if he or she were such officer at the date of issue. No certificate shall be valid until countersigned by a transfer agent if the corporation has a transfer agent, or until registered by a registrar if the corporation has a registrar.

**Section 6.02   Transfers of Shares.** Shares of the corporation shall be transferable on the books of the corporation by the holder thereof, in person or by duly authorized attorney, upon the surrender of the certificate representing the shares to be transferred, properly endorsed. Except as otherwise provided by law, the corporation shall be entitled to treat the holder of record of any share as the owner thereof and shall not be bound to recognize any equitable or other claim to or interest in such share on the part of any other person whether or not it shall have express or other notice thereof. The board of directors, to the extent permitted by law, shall have power and authority to make all rules and regulations as it may deem expedient concerning the issue, transfer and registration of share certificates and may appoint one or more transfer agents and registrars of the shares of the corporation.

**Section 6.03   Fixing of Record Time.** The board of directors may fix, in advance, a day and hour not more than 60 days nor less than ten days before the date on which any meeting of the shareholders entitled to notice of and to vote at such meeting and at all adjournments thereof shall be determined; and, in the event such record date and time are fixed by the board of directors, no one other than the holders of record on such date and time of shares entitled to notice of and to vote at such meeting shall be entitled to notice of or to vote at such meeting or any adjournment thereof. If a record date and time shall not be fixed by the board of directors for the determination of shareholders entitled to notice of and to vote at any meeting of the shareholders,

shareholders of record at the close of business on the day next preceding the day on which notice of such meeting is given, and no others, shall be entitled to notice of and to vote at such meeting or any adjournment thereof; provided, however, that if no notice of such meeting is given, shareholders of record at the close of business on the day next preceding the day on which such meeting is held, and no others, shall be entitled to vote at such meeting or any adjournment thereof.

The board of directors may fix, in advance, a day and hour not more than 60 days before the date fixed for the payment of a dividend of any kind or the allotment of any rights, as the record time for the determination of shareholders entitled to receive such dividend or rights, and in such case only shareholders of record at the date and time so fixed shall be entitled to receive such dividend or rights; *provided, however,* that if no record date and time for the determination of shareholders entitled to receive such dividend or rights are fixed, shareholders of record at the close of business on the day on which the resolution of the board of directors authorizing the payment of such dividend or the allotment of such rights is adopted shall be entitled to receive such dividend or rights.

**Section 6.04   Record of Shareholders.** The corporation shall keep at its office in the State of New York, or at the office of its transfer agent or registrar in this state, a record containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

**Section 6.05   Lost Share Certificates.** The board of directors may in its discretion cause a new certificate for shares to be issued by the corporation in place of any certificate theretofore issued by it, alleged to have been lost or destroyed, and the board may require the owner of the lost or destroyed certificate, or his or her legal representatives, to give the corporation a bond sufficient to indemnify the corporation against any claim that may be made against it on account of the alleged loss or destruction of any such certificate or the issuance of any such new certificate; but the board of directors may in its discretion refuse to issue such new certificate save upon the order of a court having jurisdiction in such matters.

## ARTICLE VII
### FINANCES

**Section 7.01   Corporate Funds.** The funds of the corporation shall be deposited in its name with such banks, trust companies or other depositories as the board of directors or the officers may from time to time designate. All checks, notes, drafts and other negotiable instruments of the corporation shall be signed by such officer or officers,

employee or employees, agent or agents as the board of directors may from time to time designate. No officers, employees or agents of the corporation, alone or with others, shall have power to make any checks, notes, drafts or other negotiable instruments in the name of the corporation or to bind the corporation thereby, except as provided in this section.

Section 7.02    Fiscal Year. The fiscal year of the corporation shall be the calendar year unless otherwise provided by the board of directors.

Section 7.03    Loans to Directors. The corporation may not lend money to or guarantee the obligation of a director of the corporation unless (a) the particular loan or guarantee is approved by the shareholders, with the holders of a majority of the shares entitled to vote thereon constituting a quorum, but shares held of record or beneficially by directors who are benefited by such loan or guarantee shall not be entitled to vote or to be included in the determination of a quorum, or (b) the board determines that the loan or guarantee benefits the corporation and either approves the specific loan or guarantee or a general plan authorizing loans and guarantees. The fact that a loan or guarantee is made in violation of this section does not affect the borrower's liability on the loan.

## ARTICLE VIII
### CORPORATE SEAL

Section 8.01    Form of Seal. The seal of the corporation, if it elects to have one, shall be in such form as may be determined from time to time by the board of directors. The seal on any corporate obligation for the payment of money may be facsimile.

## ARTICLE IX
### AMENDMENTS

Section 9.01    Procedure for Amending By-laws. By-laws of the corporation may be adopted, amended or repealed at any meeting of shareholders, notice of which shall have referred to the proposed action, by a majority of the votes cast by the holders of the shares of the corporation at the time entitled to vote in the election of any directors, or at any meeting of the board of directors, notice of which shall have referred to the proposed action, by the vote of a majority of the entire board of directors.

**EXHIBIT B**

[FORM OF STOCK CERTIFICATE]

[follows this page]

**EXHIBIT C**

[SHAREHOLDERS]

| Shareholder | No. of Shares | Consideration Paid |
|---|---|---|
| Global Maritime Investments Holdings Cyprus Limited | 100 | USD 1,000.00 (USD 10.00 per share) |

**United States Bankruptcy Court**
Southern District of New York

In re   **GMI USA Management, Inc.** _____    Case No. _____
                                    Debtor(s)              Chapter    11  _____

## VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is

true and correct to the best of my knowledge.

Date:   **September 15, 2015** _____        _____

                                            **Justin Knowles/Chief Restructuring Officer**
                                            Signer/Title

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

```
A1 BUSINESS PTE LTD
10 ANSON ROAD #26-04
INTERNATIONAL PLAZA
SINGAPORE 079903
SINGAPORE


ACTIVITY SA, LIBRA FINANCIERE
AV. DE L'AVANT 4
CP 3230, 2001 LAUSANNE
SWITZERLAND


ADELFIA SHIPPING ENTERPRISES S.A.
VAS. SOFIAS & SOURI 15, 15124
MAROUSI, ATHENS
GREECE


ADM INTERMARE A DIVISION ON ADM INTERNTL
A ONE BUSINESS CENTER, LA PIECE 3
HONG KONG
HONG KONG


ADM INTERMARE A DIVISION ON ADM INTERNTL
A ONE BUSINESS CENTER, LA PIECE 3 ROLLE
CH-1180
SWITZERLAND


ADM INVESTOR SERVICES LIMITED
4TH FLR MILLENNIUM BRIDGE HOUS
2 LAMBETH HILL LONDON EC4V 3TT
UNITED KINGDOM


AEGEAN BREEZE SHIPPING LTD
913 GULF BREEZE PKWY
#20
GULF BREEZE, FL 32561


AGENCIA MARITIME NABSA S.A.
AV. PASEO COLON 728, 4TH FLOOR
C1063ACU BUENOS AIRES
ARGENTINA


ANDREW MOORE ASSOCIATES LTD (GIBRALTAR)
3RD FLR HERITAGE HOUSE
235 MAIN ST, GIBRALTAR
SPAIN
```

ANDREW MOORE ASSOCIATES LTD (GIBRALTAR)
3RD FLOOR HERITAGE HOUSE, 235 MAIN ST
GIBRALTAR
GIBRALTAR


AP MOG SOLUTIONS PTE LTD
200 JALAN SULTAN #01-06
TEXTILE CTR SINGAPORE 199018
SINGAPORE


APPLIED WEATHER TECHNOLOGY INC
140 KIFER COURT
SUNNYVALE, CALIFORNIA 94086


AQUAVITA INTERNAL S.A.
TRUST CO COMPLEX
AJELTAKE RD, AJETAKE ISLAND
MARJURO, MH9696
MARSHALL ISLANDS


AQUAVITA INTERNAL S.A.
TRUST CO COMPLEX, AJELTAKE RD
AJETAKE ISLAND GENEVA 12 1211
SWITZERLAND


ARCELOR LOGISTICS FRANCE
SITE SOLLAC M DITERRAN E
AILE 9 - 1ER TAGE, B.P. 90176
FOS SUR MER CEDEX 13774
FRANCE


ARROW CHARTERING (UK) LTD
OCTAVIA HOUSE,1 THE BLVD, IMPERIAL WHARF
LONDON SW6 2UB
UNITED KINGDOM


ARROW CHARTERING UK LTD
OCTAVIA HOUSE, 1 THE BLVD
IMPERIAL WHARF
LONDON, SW6 2UB
UNITED KINGDOM


ATLANTIC COAL AND BULK
12 MASON'S AVENUE GENEVA 1206
SWITZERLAND

ATTORNEY GENERAL, ERIC T. SCHNEIDERMAN
120 BROADWAY
NEW YORK, NEW YORK 10271-0332

BANCOSTA (UK) LTD
78 CORNHILL
LONDON, EC3V 3QQ
UNITED KINGDOM

BAY-HOUSTON TOWING CO
2243 MILFORD
PO BOX 3006
HOUSTON, TEXAS 77253-3006

BERNHARD VON BLOMBERG
BELLEVUE 6
HAMBURG, 22301
GERMANY

BOYD STEAMSHIP CORPORATION
VIA ESPA A 120, BETA BUILDING, 5TH FLR
P.O. BOX 0816-07817 PANAMA
REPUBLIC OF PANAMA

BUNGE S.A.
13 ROUTE DE FLORISSANT
GENEVA 12, 1211
SWITZERLAND

BUNGE S.A.
13 ROUTE DE FLORISSANT
1206 GENEVE
188024
SWITZERLAND

CALISTO TRADING INC
TRUST CO COMPLEX, AJELTAKE RD
AJELTAKE ISLAND
MAJURO, MH96960
MARSHALL ISLANDS

CARAVEL SHIPPING LTD
21ST FLR, CENTRAL PLAZA
18 HARBOUR RD
HONG KONG, WANCHAI
HONG KONG

CARAVEL SHIPPING LTD
21ST FLR, CENTRAL PLAZA 18 HARBOUR RD
LONDON E1W 1BF
UNITED KINGDOM


CARAVEL SHIPPING LTD
21ST FLR, CENTRAL PLAZA 18 HARBOUR RD
WANCHAI, HONG KONG
HONG KONG


CARGILL B.V.
EVERT VAN DE BEEKSTRAAT 378
P.O. BOX 75840, SCHIPHOL 1118 ZZ
NETHERLANDS


CARGILL INTERNATIONAL S.A.
14 CHEMIN DE NORMANDIE S O PAULO
04538-132
BRAZIL


CARGILL INTERNATL SA
14 CHEMIN DE NORMANDIE
GENEVA 1206
SWITZERLAND


CERRAHGIL SHIP AGENCES AND SERVICES CO.
ABDI IPEKCI CADDESI CERRAHGIL IS MERKEZI
NO:33 TESVIKIYE,  ISTANBUL 34367
TURKEY


CHIMBUSCO EUROPE BV
WEENA 280
WEENA 200 BLDG 8TH FLR
ROTTERDAM, 3012
NETHERLANDS


CHINA COSCO BULK SHIPPING(GROUP) CO.,LTD
AGENT FOR REFINED SUCCESS LTD. B.V.I.
B209 RM 2ND FLR OF NO.24 BLDG.
CTYARD NO.1, WULIQIAO NO.1 ST, HONGKONG
HONG KONG


CHINA MARINE SHIPPING AGENCY TAICANG CO.
03RD FLOOR, NO.1 DONGTING ROAD(N),
TAICANG, JIANGSU PROVINCE
215400
P.R. CHINA

CHINA MARINE SHIPPING AGENCY TAICANG CO.
03RD FLOOR, NO.1 DONGTING ROAD(N)
TAICANG 215400
P.R. CHINA


CHINA SHIPPING (HK) MARINE INC
32/FL., CHINA MERCHANTS TOWER
SHUN TAK CTR
168-200 CONNAUGHT RD C.
HONG KONG


CJ INTERNATIONAL ASIA LTD
230 VICTORIA ST
#11-03/04 BUGIS JUNCTION TOWERS
PIRAEUS 185 45
GREECE


CLARKSONS PLATOU FUTURES LTD
COMMODITY QUAY, ST KATHERINE DOCKS
LONDON E1W 1BF
UNITED KINGDOM


COMPANHIA SIDERURGICA NACIONAL (BRAZIL)
AV. BRIGADEIRO FARIA LIMA
3400 -19-20 ANDAR
ITAIM BIBI  LONDON E1 8PH
UNITED KINGDOM


COMPLETE CORPORATE SERVICES PTE LTD
10 ANSON RD #32-15 INTERNATIONAL PLAZA
SINGAPORE 079903
SINGAPORE


COMPTROLLER OF INCOME TAX
SINGAPORE POST CTR POST OFFICE
P.O.BOX 394
SINGAPORE 914014
SINGAPORE


COSCO (HONG KONG) SHIPPING CO.,LTD.
50-51/F.,COSCO TOWER
183 QUEEN S ROAD CENTRAL, HONG KONG
HONG KONG

COSCO BULK CARRIERS CO., LTD
TIANJIN OCEAN SHIPPING MANSION
NO.1 OCEAN PLAZA
HEBEI DISTRICT, TIANJIN 300010
P.R. CHINA


CPF BOARD
79 ROBINSON ROAD #02-00
CPF BLDG SINGAPORE 068897
SINGAPORE


CREDIT DU NORD
27 AV DE LA COSTA
98000
MONACO


CROWN WORLDWIDE PTE LTD
36 PIONEER RD
SINGAPORE 628504
SINGAPORE


CRYSTAL POOL SRL
16124 GENOVA VIA PONTE REALE 2
ITALY


D'AMICO SHIPPING ITALIA SPA
CORSO D'ITALIA 35B
ROME
ITALY


D. OLTMAN (HAMBURG)
DIENERREIHE 2
HAMBURG, 20457
GERMANY


D/S NORDEN AS
STRANDVEJAN 52
HELLERUP, DK-2900
DENMARK


DAEBO INTERNATIONAL SHIPPING CO LTD
7F DONGWON BLDG. #128-28 DANGJU-DONG,
CHONGNO-KU SEOUL 110-759
KOREA

DAMPSKIBSSELSKABET NORDEN A/S
52, STRANDVEJEN,  MORELOS CP 62290
MEXICO


DANA SHIPPING & TRADING LTD
14 AKTI KONDYLI STREET SINGAPORE 069455
SINGAPORE


DELOITTE LTD
MAXIMOS PLAZA, TOWER 1, 3RD FLR
213 ARCH, MAKARIOU III AVE.
LIMASSOL CY-3030
CYPRUS


DELOITTE TAX LLP
1633 BROADWAY
NEW YORK, NEW YORK 10019-6754


DHL EXPRESS (SINGAPORE) PTE LTD
ROBINSON ROAD POST OFFICE
P.O.BOX 2102 SINGAPORE 904101
SINGAPORE


DIAL LTD
38 GOLDSBOROUGH CRESCENT, CHINGFORD
LONDON E4 6PZ
UNITED KINGDOM


DONG-A TANKER CORP
#701 GWANGHWAMUN OFFICIA-BLDG,
163 SINMUNRO 1-GA,
JONGRO-GU SEOUL 110-999
KOREA


DORIC ZWEITE NAVIGATION GMBH & CO. KG
PROMENADE AN ALTEN BINNENHAFEN 10
EMDEN 26721
GERMANY


DRACO SHIPPING PTE LTD
80 ROBINSON RD #02-00
SIGNAPORE 068898
SINGAPORE

DYNAMIC OIL EONE
HOLZSTRA E 6
D SSELDORF, 40221
GERMANY


DYNAMIC OIL TRADING (S) PTE LTD
600 NORTH BRIDGE RD
#11-09/10 PARKVIEW SQ
SINGAPORE 188778
SINGAPORE


E.A. GIBSON SHIPBROKERS LTD
AUDREY HOUSE, 1-20 ELY PLACE
LONDON EC1P 1HP
UNITED KINGDOM


E.ON GLOBAL COMMODITIES SE
HOLZSTRA E 6 EAST PERTH 6004
AUSTRALIA


EDF TRADING
80 VICTORIA ST.
CARDINAL PLACE, 3RD FLR
LONDON, SW1E 5JL
UNITED KINGDOM


EURO-MARITIME CHARTERING LIMITED
34A QUEEN ANNE'S GATE LONDON
UNITED KINGDOM


EXELON GENERATION COMPANY, LLC
100 CONSTELLATION WAY, SUITE 500C
BALTIMORE, MARYLAND 21202-0000


F.H. BERTLING CHARTERING & SHIP MANAGEME
1 MAGAZINE RD #03-03
SINGAPORE 59567
SINGAPORE


FMG INTERNATIONAL PTE LTD
87 CLUB STREET, #02-01
SINGAPORE 069455
SINGAPORE

FMG INTERNATIONAL PTE LTD
87 CLUB STREET, #02-01 HAMILTON HM 08
BERMUDA


FORTESCUE METALS GROUP LTD
LEVEL 2, 87 ADELAIDE TOWERS
SEOUL  150-949
KOREA


FRANCOLIN LIMITED
UGLAND HOUSE
GRAND CAYMAN KY1-1104
CAYMAN ISLANDS


FRATELLI COSULICH BUNKERS (HK) LTD
5/F THE PHOENIX, 23 LUARD RD HONG KONG
HONG KONG


FREIGHT INVESTOR SERVICES LTD
80 CANNON ST
LONDON, EC4N 6HL
UNITED KINGDOM


GAINS INC
BANCO ALIADO BLDG, RICARDO ARIAS ST
PANAMA
REPUBLIC OF PANAMA


GARD P&I (BERMUDA) LTD
PO BOX 789 STOA
ARENDAL,NO-4809
NORWAY


GENCO SHIP MANAGEMENT LLC
299 PARK AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10171-0000


GFI BROKERS LTD
1 SNOWDEN STREET
LONDON EC2A 2DQ
UNITED KINGDOM


GLENCORE GRAIN BV
COOLSINGEL 139
ROTTERDAM
NETHERLANDS

GLENCORE GRAIN BV
COOLSINGEL 139
LAUSSANE CH-1003
SWITZERLAND


GLOBAL ENERGY TRADING PTE LTD
438 ALEXANDRA ROAD,
#13-01 ALEXANDRA PT SINGAPORE 119958
SINGAPORE


GLOBAL RISK MANAGMENT LTD
STRANDVEJEN7
5500 MIDDELFAHT
DENMARK


GLOBAL UNITED SHIPPING PTE LTD


GLORY UNIVERAL INC
CALLES 50 Y AQUILNO
DE LA GUARDIA PLAZA BANCO GENERAL
PISO - 30 APARTADO PANAMA
REPUBLIC OF PANAMA


GMI EDWARD PTE LTD


GMI FRANCESCA PTE LTD
10 ANSON RD. #26-04
INTERNATIONAL PLAZA
SINGAPORE 079903
SINGAPORE


GMI LLOYD PTE LTD


GMI PANAMAX POOL LTD
CAMPBELLS CORPORATE SERVICES LIMITED,
FLR 4, WILLOW HOUSE, CRICKET SQ
P.O.BOX 269 GRAND CAYMAN KY1-1104
CAYMAN ISLANDS

GMI PANAMAX POOL LTD
CAMPBELLS CORPORATE SERVICES LIMITED,
FLR 4, WILLOW HOUSE, CRICKET SQ
P.O.BOX 268 GRAND CAYMAN KY1-1104
CAYMAN ISLANDS


GMI PATRIZIA PTE LTD


GMI STEPHANIE PTE LTD


GMI TARITA PTE LTD


GOLDEN OCEAN TRADING  LTD
PO BOX HM 1593, PAR-LA-VILLE ROAD
SEOUL 100-210
KOREA


GOLDEN OCEAN TRADING LTD
PO BOX HM 1593, PAR-LA-VILLE RD
HAMILTON HM 08
BERMUDA


GRACE UNIVERSAL INC
CALLES 50 Y AQUILNO,
DE LA GUARDIA PLAZA BANCO GENERAL,
PISO - 30 APARTADO PANAMA 0823-05789
REPUBLIC OF PANAMA


H CLARKSON & COMPANY LTD
COMMODITY QUAY, ST KATHERINE DOCKS
LONDON E1W 1BF
UNITED KINGDOM


H CLARKSON & COMPANY LTD
COMMODITY QUAY, ST KATHERINE DOCKS
D SSELDORF 40221
GERMANY


HANJIN SHIPPING LTD
25 GUKJEGEUMYUNG-RO 2-GIL
YEONGDEUNGPO-GU
SEOUL 150-949
KOREA

```
HANJIN SHIPPING LTD
25 GUKJEGEUMYUNG-RO 2-GIL,
YEONGDEUNGPO-GU HAMBURG 20095
GERMANY


HOLMAN FENWICK WIILLAN LLP
FRIARY CT, 65 CRUTCHED FRIARS
LONDON EC3N 2AE
UNITED KINGDOM


HONG KONG GRACE SHIPPING CO., LTD
C/O SPEEDLINK TRANSPORT LTD, 30A
TOWER 10, SPUTH HORIZONS
HONG KONG
HONG KONG


HONGKONG LEADER SHIPPING COMPANY LIMITED
C/O HONG KONG GRACE SHIPPING CO., LTD,
19/F, S.B. COMM BLDG, 478 NATHAN RD
YUA MAT EI HONG KONG
HONG KONG


HSBC BANK PLC
165 FLEET ST, EC4A 2DY
LONDON
UNITED KINGDOM


HSBC BANK PLC, PIRAEUS
93 ATKI MIAOULI, GR-185 38
PIRAEUS ATTIKI
GREECE


ICAP SHIPPING LTD DRY CARGO CHARTERING
2 BROADGATE
LONDON,EC2M 7UR
UNITED KINGDOM


IFCHOR SA
PLACE PIPANET 1
LAUSSANE,CH-1003
SWITZERLAND


IFCHOR SA
PLACE PIPANET 1 TORTOLA
BRITISH VIRGIN ISLANDS
```

IMABARI SHIPBUILDING CO. LTD
C/O MMSL PTE LTD, 78 SHENTON WAY #10-03
SINGAPORE 79120
SINGAPORE


INCHAPE SHIPPING SERVICES


INTERGIS CO., LTD
14F, FERRUM TOWER
66 SUHA-DONG, JUNG-GU
SEOUL, 100-210
KOREA


INTERGIS CO., LTD
14F, FERRUM TOWER, 66 SUHA-DONG, JUNG-GU
TOKYO 100-0011
JAPAN


INTERGIS CO., LTD
14F, FERRUM TOWER, 66 SUHA-DONG, JUNG-GU
SEOUL 100-210
KOREA


INTERGLOBAL INS CO LTD
112 ROBINSON RD #09-01
ROBINSON 112
SINGAPORE 068902
SINGAPORE


INTERMARE GMBH
FERDINANDSTR. 5, MILAN 20122
ITALY


INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 7346
PHILADELPHIA, PENNSYLVANIA 19101-7346


ITIRO CORP BVI
MILL MALL TOWER, 2ND FLR
WICKHAMS CAY 1
PO BOX 4406 ROAD TOWN, TORTOLA
BRITISH VIRGIN ISLANDS

ITIRO CORPORATION BVI
MILL MALL TOWER, 2ND FLOOR,
WICKHAMS CAY 1,PO BOX 4406,
ROAD TOWN AMSTERDAM 1077 XV
NETHERLANDS


JASMINE LEE


JIA DA SHIPPING CO., LIMITED
7 FLOOR, EIB CENRE 40, BONHAM STRAND
HONG KONG
HONG KONG


JIA DA SHIPPING CO., LTD
7 FLR, EIB CENRE 40
BONHAM STRAND
HONG KONG
HONG KONG


JIA FOISON SHIPPING CO., LIMITED
7 FLOOR, EIB CENRE 40, BONHAM STRAND
HONG KONG
HONG KONG


JIA FOISON SHIPPING CO., LTD
7 FLR, EIB CENRE 40
BONHAM STRAND
HONG KONG
HONG KONG


K LINE KAWASAKI KISEN KAISHA, LTD
IINO BLDG., UCHISAIWAICHO 2-1-1
TOKYO, CHIYODA-KU
JAPAN


KANG LI FAR EAST PTE LTD
BLK 32 TOH GUAN RD EAST
#01-10/11 ENTERPRISE HUB
SINGAPORE 608578
SINGAPORE


KAWASAKI KISEN KAISHA, LTD.
IINO BLDG., UCHISAIWAICHO 2-1-1
TOKYO, CHIYODA-KU 100-0011
JAPAN

KAWASAKI KISEN KAISHA, LTD.
IINO BLDG., UCHISAIWAICHO 2-1-1
GLYFADAS 16675
GREECE


KC MARITIME LTD
SOUTH CHINA BLDG, 15TH FLR
1 WYNDHAM ST, CENTRAL
HONG KONG
HONG KONG


KUMIAI NAVIGATION (PTE) LTD
1 RAFFLES PLACE #27-62
SINGAPORE 48616
SINGAPORE


L PAPAPHILIPPOU & CO LLC
17 IFIGENIAS STREET
NICOSIA, 2080
CYPRUS


LBH AUSTRALIA


LBH AUSTRALIA PTY LTD
STE 403, ST THOMAS HOUSE, 781 PACIFIC
HIGHWAY, CHATSWOOD NSW 2076, P.O. BOX
5550, WEST CHATSWOOD NSW 1515 SYDNEY
AUSTRALIA


LBH BRASIL
AV NOSSA SENHORA DOS NAVEGANTES755 - 9
ANDAR - CJ. 906, ED PAL CIO DA PRAIA -
ENSEADA DO SU  VITORIA CEP: 29050 335
BRAZIL


LBH BRASIL (RIO DE JANEIRO)
RUA REVERENDO OT VIO LUIZ VIEIRA, 131,
PAVIMENTO SUPERIOR, CENTRO,
RIO DE JANEIRO 23815 150
BRAZIL


LEONG SUET WAH
20 ANG MO KIO INDUSTRAIL PARK 2A#02-21
ANG MO KIO TECHLINK
SINGAPORE 567761
SINGAPORE

LITINSPEKTUS
H. MANTO G. 22,
KLAIPEDA, 92131
LITHUANIA


LIZ CLARK
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM


LUCCHINI SPA


LUCCHINI SPA IN ADMINISTRATION
SEDE LEGALE,20122 MILANO VIA M. BAROZZI
N.2, SEDE AMMIN 57025 PIOMBINO (LI)
LARGO CADUTI SUL LAVORO N. 21 HONG KONG
HONG KONG


LUIGI CAFIERO


M HOTEL SINGAPORE
81 ANSON ROAD LEVEL 8 OFFICE STES
SINGAPORE 079908
SINGAPORE


M/S MERCATOR LINES (SINGAPORE) PTE LTD
8 TEMASEK BLVD
#07-02 TOWER THREE, SUNTEC CITY
SINGAPORE 38988
SINGAPORE


MAERSK BROKER (UK) LTD
NEW LOOM HOUSE, STE 1.03
101 BACK CHURCH LANE
LONDON E1 1LI
UNITED KINGDOM


MARDINIK SHIPPING CO. LTD
C/O SEALESTIAL NAVIGATION CO
3, XANTHOU STR., GLYFADA
ATHENS 166 74
GREECE

MARINCOM INTERNATIONAL SYSTEMS LTD
200 ELGIN STREET 1102
OTTAWA, ONTARIO K2P 1L5
CANADA


MATTHEW RUDGE


MAVEGA UK LTD
33 ST. JAME'S STREET
LONDON SW1A 1HD
UNITED KINGDOM


MEDMAR BWI


MINMETALS LOGISTICS GROUP CO., LTD
RM 415, BLD.B, MINMETALS PLAZA
5# SANLIHE RD, HAIDIAN DISTRICT
BEIJING 100044
P.R. CHINA


MIXOS - MIELE SERVIZI MARITTIMI S.R.L.
P.LE PREMUDA 2A / 2N PIOMBINO 57025
ITALY


MONSON AGENCIES AUSTRIALIA PTY LTD
SUITE 1, 1 HIGH STREET, (PO BOX 1558)
FREEMANTLE 6160
AUSTRALIA


MONSON AGENCIES PTE LTD
1 FIFTH AVE, GUTHRIE HOUSE #03-14
SINGAPORE 268802
SINGAPORE


MOORE STEPHENS (LIMASSOL) LTD
ARIEL CORNER, 1ST FLR, OFFICE 101
196 ARCH, MAKARIOS AVE
LIMASSOL CY-3316
CYPRUS


MOORE STEPHENS LLP
150 ALDERSGATE STREET
LONDON EC1A 4AB
UNITED KINGDOM

```
MOORE STEPHENS LLP
10 ANSON RD #29-15 INTERNATIONAL PLAZA
SINGAPORE 079903
SINGAPORE


MOORE STEPHENS SA TOTAL


MTA SERVICE LTD
2/66H KHANTADZE STR. ILYCHESK 68001
UKRAINE


MUR SHIPPING BV
WORLD TRADE CTR AMSTERDAM
TOWER H, ZUIDPLEIN 164
AMSTERDAM 1077 XV
NETHERLANDS


MUR SHIPPING BV
WORLD TRADE CTR AMSTERDAM
TOWER H, ZUIDPLEIN 164 HELLERUP DK-2900
DENMARK


MYKONOS SHIPPING CO LTD
VASILEOS GEORGIOU V? 71 GLYFADA,
GLYFADAS, ATTIKIS 16675
GREECE


MYKONOS SHIPPING CO LTD
VASILEOS GEORGIOU V 71 GLYFADA
TORONTO M2N 6Y8
CANADA


N.J. GOULANDRIS MARITIME INC.
C/O SURF NAVIGATION LTD
80 BROAD STREET
MONROVIA
LIBERIA


N.J. GOULANDRIS MARITIME INC.
FRAGOKLISSIAS 9
MAROUSSI 151 25
GREECE
```

NAVIOS SHIPMANAGEMENT INC
85 AKTI MIAOULI STREET
PIRAEUS 18538
GREECE


NEW YORK STATE DEPT OF TAXATION
BANKRUPTCY SECTION
PO BOX 5300
ALBANY, NEW YORK  12205-0300


NOBLE CHARTERING LTD
MASS MUTUAL TOWER, 38 GLOUCESTER ROAD,
WANCHAI HONG KONG
HONG KONG


NOBLE CHARTERING S.A.
C/O NOBLE GROUP LTD, 18TH FLR
MASS MUTUAL TOWER, 38 GLOUCESTER RD
HONG KONG
HONG KONG


NORDEND/S NORDEN AS
STRANDVEJAN 52
HELLERUP DK-2900
DENMARK


NORVIC SHIPPING NORTH AMERICA INC
SSQ PLACE, 110 SHEPPARD AVENUE EAST,
SUITE #309, PO BOX 6, HONG KONG
HONG KONG


OCEAN FREIGHTS LTD
4-6 EFPLIAS STREET
PIRAEUS
GREECE


OCEANUS LACHMANN
RUA GENERAL BOXAIUVA 880 -
2 ANDAR ITAGUAI 23815-310
BRAZIL


OFFICE OF THE COMPTROLLER
NEW YORK CITY OFFICE
59 MAIDEN LAND
NEW YORK, NEW YORK 10038

OFFICE OF THE U.S. TRUSTEE
33 WHITEHALL ST., 21ST FLR.
NEW YORK, NEW YORK 10004


OREGON PRIME MARKETING INT'L PTE LTD
10 UBI CRES, SINGAPORE 408564
SINGAPORE


ORION HOLDING LTD
BLOCK B4-137, DAFZA PO BOX 54538 DUBAI
UNITED ARAB EMIRATES


OVERSEA-CHINESE BANKING CORP LTD
65 CHULIA ST, OCBC CENTRE
49513
SINGAPORE


OW SUPPLY & TRADING
STIGSBORGVEJ 60, PO BOX 215
NORRESUNDBY DK9400
DENMARK


PACIFIC BULK CAPE CO LTD
SHUN TAK CENTRE, SHEUNG WAN
SINGAPORE 169074
SINGAPORE


PACIFIC BULK CAPE CO LTD
SHUN TAK CENTRE, SHEUNG WAN
HONG KONG


PACIFIC BULK CAPE COMPANY LTD
SHUN TAK CTR, SHEUNG WAN
HONG KONG
HONG KONG


PACNAV SA PANAMA, C/O PACNAV DE MEXICO
RIO MAYO # 1477, COL. VISTA HERMOSA
CUERNAVACA BEIJING 100024
P.R.CHINA


PACNAV SA PANAMA, C/O PACNAV DE MEXICO,
RIO MAYO # 1477
COL. VISTA HERMOSA, CUERNAVACA
MORELOS CP 62290
MEXICO

PANAYIOTIS C. KONTOS
SPEFSIPPOU 35, 106 76 ATHENS
GREECE


PAUL BARBOUR
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM


PEGASUS SHIPPING PTE LTD
2 BEACH RD.
SINGAPORE 199589
SINGAPORE


PEOPLE & PEOPLE INSPECTIONS CO., LTD
STE 701, JEIL OFFICE BLDG #99-3
GARAK-DONG, SONGPA-GU
SEOUL
KOREA


PERCY THAN AB
P.O. BOX 16
OXELOSUND SE-613 21
SWEDEN


PETROLEO BRASILEIRO S.A. PETROBRAS
AV. REPLUBLICA DO CHILE, 65
RIO DE JANEIRO 20031-170
BRASIL


PHILIPPOS PHILIPPOU
1 COSTAKIS PANTELIDES, KOLOKASIDES
1010 NICOSIA
CYPRUS


PIRAEUS SHIPPING & TRADING CORP
80 BROAD STREET
MONROVIA
LIBERIA


PRESENT SHIPPING CO SA
C/O RAINBOW SHIP MGMG SA
274, D. GOUNARI & PRIGKIPOS PETROU ST
GLYFADA, ATHENS 166 74
GREECE

PRIMINDS SHIPPING (HK) CO. LTD
RM. 1905/07, 19F EMPEROR GROUP CENTRE,
288 HENNESSY ROAD, WANCHAI
HOUSTON, TEXAS 77041-0000


PRINCIPLE ONE PTE LTD
1 GEORGE STREET #1401A
SINGAPORE 049145
SINGAPORE


RAFFLES SHIPPING GROUP
315 OUTRAM RD
#09-05 TAM BOON LIAT BLDG
SINGAPORE V6C 2G8
SINGAPORE


RAFFLES SHIPPING GROUP
315 OUTRAM RD,#09-05 TAM BOON LIAT BLDG
HAMILTON HM11
BERMUDA


RAFFLES SHIPPING GROUP
315 OUTRAM RD,#09-05 TAM BOON LIAT BLDG
SINGAPORE 169074
SINGAPORE


RAINBOW SHIPMANAGEMENT S.A.
274, D. GOUNARI&PRIGKIPOS PETROU ST
GLYFADA ATHENS 166 74
GREECE


RENNIES SHIPS AGENCY (PTY) LTD
MILLWEED HOUSE, 196-173 MAYDON ROAD,
MAYDON WHARF DURBAN 4001
SOUTH AFRICA


ROCK FIN MINERALS INC
10142 CHICKASAW LN
HOUSTON, TEXAS  77041


ROCK FIN MINERALS INC
10142 CHICKASAW LN HELLERUP DK-2900
DENMARK

SCHENKER ITALIANS S.P.A
VIA F LLI BANDIERA 29
I 20068 PESCHIERA BORROMEO MI
ITALY


SCHIFFAHRTSGESELLSCHAFT MS "EMS" MBH & C
ASTRATURM, ZIRKUSWEG 2 HAMBURG 20359
IMPERIAL WHARF LONDON SW6 2UB
GERMANY


SEA CORPORATION PTY LTD
SCOTTISH HOUSE, 10 PHILLIMORE ST
FREEMANTLE
WESTERN AUSTRALIA 6160
AUSTRALIA


SEA CORPORATION PTY LTD
SUITE 2209, 22ND FLOOR,
BANK OF SHANGHAI TOWER, 168 YINCHENG RD
PUDONG SHANGHAI 200120
CHINA


SEABULK TOWING INC
2200 ELLER DRIVE, P.O. BOX 13038
FORT LAUDERDALE,, FLORIDA 33316-0000


SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
7 WORLD TRADE CTR. 13TH FLR
NEW YORK, NEW YORK 10048


SIMPSON SPENCE YOUNG
LLOYDS CHAMBERS, 1 PORTSOKEN ST
LONDON E18PH
UNITED KINGDOM


SINGTEL
31 EXETER RD #01-00 COMCENTRE
SINGAPORE 239732
SINGAPORE


SOCIETE TUNISIENNE DE TRANSIT D'AGENCES
AVENUE HEDI CHAKER ESC.B SFAX 3000
TUNISIA

SOUTHPORT AGENCIE INC
2700 LAKEVILLA DR. STE. 180
METAIRIE, LOUISIANA  70002


SSY FUTURES LTD
LLOYDS CHAMBERS, 1 PORTSOKEN STREET
ROTTERDAM 3012 AG
NETHERLANDS


SSY FUTURES LTD
LLOYDS CHAMBERS, 1 PORTSOKEN STREET
LONDON E18PH
UNITED KINGDOM


STEVE RODLEY
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM


STUART RAE
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM


SULNORTE SERVICOS MARITIMOS LTDA
RUA ANTONIO FRANCISCO VIANNA
58, ILHA DA MADEIRA
ITAGUI 23821280
BRAZIL


SWISS MARINE CORP LTD
JARDIN HOUSE 4TH FLR
33-35 REID ST., P.O. BOX HM 1431
HAMILTON HM11
BERMUDA


SWISSMARINE CORPORATION LTD
JARDINE HOUSE, 4TH FLOOR,
33-35 REID STREET, PO BOX HM 1431
HAMILTON HM11
BERMUDA


SWISSMARINE CORPORATION LTD
JARDINE HOUSE, 4TH FLOOR,
33-35 REID STREET, PO BOX HM 1431
SINGAPORE 049315
SINGAPORE

THE CHARTERERS P&I CLUBE
65 LEADENHALL STREET
LONDON EC3A 2AD
UNITED KINGDOM

THURLESTONE SHIPPING (SINGAPORE) PTE LTD
15-97 THE CENTRAL
8 EU TONG SEN ST
SINGAPORE 059818
SINGAPORE

TIM HARTLAND
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM

TITAN OCEAN BULK LOGISTICS LTD BVI
FLAT 1303, 13F TOP GLORY TOWER,
262 GLOUCESTER RD,CAUSEWAYBAY ROTTERDAM
3016 DR
NETHERLANDS

TOM OLIPHANT
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM

TORM A/S
TUBORG HAVNEVEJ 18
HELLERUP DK-2900
DENMARK

TORM A/S
TUBORG HAVNEVEJ 18 LUXEMBOURG 1219
LUXEMBOURG

TOSHIBA DATA DYNAMICS PTE LTD
10 KALLANG SECTOR DATA DYNAMICS BLDG
SINGAPORE 349280
SINGAPORE

TOTAL MARINE LOGISTICS INC
STE 680 MARINE BLDG
355 BURRARD STREET
VANCOUVER, BC V6C 2G8
CANADA

TRAFIGURA MARITIME LOGISTICS PTE LTD
10 COLLYER QUAY OCEAN FINANCIAL CENTRE
GENEVA 4 1211
SWITZERLAND


TRANSGRAIN/NIDERA BV
WILLEMSPLEIN 492
ROTTERDAM, 3016 DR
NETHERLANDS


TRANSGRAIN/NIDERA BV
WILLEMSPLEIN 492 GENEVA 2
SWITZERLAND


UNITED BULK CARRIERS INTERNATIONAL SA
17 RUE BEAUMONT, 1219 LUXEMBOURG
LUXEMBOURG


UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
U.S. FEDERAL OFFICE BLDG.
201 VARICK ST., RM 1006
NEW YORK, NEW YORK 10014


UNITY SHIPPING PANAMA CORPORATION
19TH FLOOR, BANCO GENERA; TOWER,
AQUILINO DE LE GUARDIA STREET,
MAEBELLA PANAMA CITY
PANAMA


VENUS MARITIME SA
53 ST, URBANIZATION OBARRIO
SWISS TOWER 16TH FLR
PANAMA CITY
PANAMA


VIEWQWEST
200 BUKIT TIMAH ROAD SINGAPORE 229862
SINGAPORE


VITOL SA
BOULEVARD DU PONT D'ARVE 28
GENEVA 4 1211
SWITZERLAND

VITOL SA
BOULEVARD DU PONT D'ARVE 28,
1205 GENEVE
SWITZERLAND


WATERFRONT SHIPPING & TRADING LTD
UNIVERAL HOUSE, 88-94 WENTWORTH ST
LONDON E1 7SA
UNITED KINGDOM


WEATHERNEWS INC
2ND FL., 1 QUALITY CT, CHANCERY LN
LONDON WC2A 1HR
UNITED KINGDOM


WEATHERNEWS UK LTD
2ND FL., 1 QUALITY COURT, CHANCERY LN
LONDON WC2A 1HR
UNITED KINGDOM


WILHELMSEN MARITIME SERVICES PVT LTD
MERCHANT CHAMBERS, 7TH FLOOR, 41,
SIR V THAKERSEY MARG, CHURCHGATE,
MUMBAI 400020
INDIA


WILHELMSEN SHIPS SERVICE (GIBRALTAR) LTD
SUITE 3/2, WATERPORT PLACE
GIBRALTAR
SPAIN


WILHELMSEN SHIPS SERVICE (GIBRALTAR) LTD
SUITE 3/2, WATERPORT PLACE
AQUILINO DE LE GUARDIA STREET
GIBRALTAR


WILHELMSEN SHIPS SERVICE LTD
3A NEWTONS CT, CROSSWAYS
DRATFORD KENT DA2 6QL
UNITED KINGDOM


WILHELMSEN SHIPS SERVICE PTY LTD
LEVEL 1, 69 SYDNEY ST, POST OFFICE SQ
MACKAY QUEENSLAND 4740
AUSTRALIA

WILHELMSEN SHIPS SERVICE SPAIN, S.A.U.
PUERTO DE BARCELONA P.T.P. DELTA 1
PUERTO DE MIAMI, 4 M1M5
BARCELONA 8039
SPAIN


WILHELMSEN SHIPS SERVICE SPAIN, S.A.U.
PUERTO DE BARCELONA P.T.P. DELTA 1
PUERTO DE MIAMI
4 M1M5 BARCELONA 8039
SPAIN


WILHELMSEN SHIPS SERVICE SPAIN, S.A.U.
POL.IND. CORTIJO REAL,
C/ CAPRICHO, 5 ALGECIRAS ES-11206
SPAIN


WILLIAM COOK
21 WHITEFRIARS ST
GREATER LONDON EC4Y 8JJ
UNITED KINGDOM


WINDROSE SPS SHIPPING & TRADING SA
CHEMIN DE LACOLET 14, THONEX
SWITZERLAND


WORLD FUEL SERVICES
9800 NW 41ST ST.
MIAMI, FLORIDA 33178

## United States Bankruptcy Court
### Southern District of New York

In re   GMI USA Management, Inc. _____   Case No. _____

_____ Debtor(s)   Chapter   11 _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for ___GMI USA Management, Inc.___ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Global Maritime Investments**
**Holdings Cyprus Limited**
**21 Whitefriars St, London**
**UNITED KINGDOM**

☐ None [*Check if applicable*]

September 15, 2015 _____

Date

_____

**Justin Knowles**
**GMI USA Management, Inc.**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of New York

In re    **GMI USA Management, Inc.**             Case No. _____

                                      Debtor(s)           Chapter    **11**    _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept ............................................... | $ | 158,268.50 |
| Prior to the filing of this statement I have received ................................... | $ | 159,950.00 |
| Balance Due .......................................................................................... | $ | 1,681.50[1] |

2.   The source of the compensation paid to me was:

     ☒ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ☒ Debtor      ☐ Other (specify):

4.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **September 15, 2015**              *John P. Melko*

                                       John P. Melko
                                       **GARDERE WYNNE SEWELL LLP**
                                       **1000 Louisiana, Suite 3400**
                                       **Houston, TX 77002-5011**
                                       **713-276-5500  Fax: 713-276-5555**

---

[1] Retainer held in escrow in which each debtor listed on Rider 1 to the Voluntary Petition holds an undivided interest.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy

Gardere01 - 7056386v.1

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re   **GMI USA Management, Inc.**

Case No. _____

Debtor(s)

Chapter   **11**

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 50 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims. If a minor child is one of the creditors holding the 50 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Draco Shipping PTE Ltd 80 Robinson Rd #02-00 Singapore 068898 SINGAPORE** | **Draco Shipping PTE Ltd 80 Robinson Rd #02-00 Singapore 068898 SINGAPORE** | Contractual | | **2,600,000.00** |
| **Pegasus Shipping PTE Ltd 2 Beach Rd. Singapore 199589 SINGAPORE** | **Pegasus Shipping PTE Ltd 2 Beach Rd. Singapore 199589 SINGAPORE** | Contractual | | **2,600,000.00** |
| **ADM Investor Services Limited 4th Flr Millennium Bridge House 2 Lambeth Hill London EC4V 3TT UNITED KINGDOM** | **ADM Investor Services Limited 4th Flr Millennium Bridge Hous 2 Lambeth Hill London EC4V 3TT UNITED KINGDOM** | Trade Debt | | **1,890,349.57** |
| **OW Supply & Trading Stigsborgvej 60, PO Box 215 Norresundby,DK9400 DENMARK** | **OW Supply & Trading Stigsborgvej 60, PO Box 215 Norresundby,DK9400 DENMARK** | Trade Debt | | **1,620,745.81** |
| **Dynamic Oil Trading (S) Pte Ltd 600 North Bridge Rd #11-09/10 Parkview Sq Singapore 188778 SINGAPORE** | **Dynamic Oil Trading (S) Pte Ltd 600 North Bridge Rd #11-09/10 Parkview Sq SINGAPORE** | Trade Debt | | **663,120.84** |
| **EDF Trading 80 Victoria St. Cardinal Place, 3rd Flr London, SW1E 5JL UNITED KINGDOM** | **EDF Trading 80 Victoria St. Cardinal Place, 3rd Flr UNITED KINGDOM** | Trade Debt | | **464,887.50** |

Gardere01 - 7053802v.2

B4 (Official Form 4) (12/07) - Cont.

In re    **GMI USA Management, Inc.**                                      Case No.

_____                    _____
                            Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Southport Agencie Inc** 2700 LakeVilla Dr. Ste. 180 Metairie, LOUISIANA 70002 | **Southport Agencie Inc** 2700 LakeVilla Dr. Ste. 180 Metairie, LOUISIANA 70002 | Trade Debt | | 357,798.75 |
| **Calisto Trading Inc** Trust Co Complex, Ajeltake Rd Ajeltake Island Majuro, MH96960 MARSHALL ISLANDS | **Calisto Trading Inc** Trust Co Complex, Ajeltake Rd Ajeltake Island MARSHALL ISLANDS | Trade Debt | | 341,891.84 |
| **Chimbusco Europe BV** Weena 280 Weena 200 Bldg 8th Flr Rotterdam, 3012 NETHERLANDS | **Chimbusco Europe BV** Weena 280 Weena 200 Bldg 8th Flr NETHERLANDS | Trade Debt | | 330,201.00 |
| **Jia Foison Shipping Co., Ltd** 7 Flr, EIB Cenre 40 Bonham Strand Hong Kong HONG KONG | **Jia Foison Shipping Co., Ltd** 7 Flr, EIB Cenre 40 Bonham Strand HONG KONG | Trade Debt | | 264,175.00 |
| **Gard P&I (Bermuda) Ltd** PO Box 789 Stoa Arendal,NO-4809 NORWAY | **Gard P&I (Bermuda) Ltd** PO Box 789 Stoa Arendal,NO-4809 NORWAY | Trade Debt | | 258,447.45 |
| **Mardinik Shipping Co. Ltd** C/O Sealestial Navigation Co 3, Xanthou Str., Glyfada Athens 166 74 GREECE | **Mardinik Shipping Co. Ltd** C/O Sealestial Navigation Co 3, Xanthou Str., Glyfada GREECE | Trade Debt | | 217,528.40 |
| **Kumiai Navigation (Pte) Ltd** 1 Raffles Place #27-62 Singapore 48616 SINGAPORE | **Kumiai Navigation (Pte) Ltd** 1 Raffles Place #27-62 Singapore 48616 SINGAPORE | Trade Debt | | 213,728.37 |
| **Ifchor SA** Place Pipanet 1 Laussane,CH-1003 SWITZERLAND | **Ifchor SA** Place Pipanet 1 Laussane,CH-1003 SWITZERLAND | Trade Debt | | 193,586.72 |

Gardere01 - 7053802v.2

B4 (Official Form 4) (12/07) - Cont.

In re    **GMI USA Management, Inc.**                                Case No.

                                    Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **D/S Norden AS Strandvejan 52 Hellerup, DK-2900 DENMARK** | **D/S Norden AS Strandvejan 52 Hellerup, DK-2900 DENMARK** | Trade Debt | | 190,956.38 |
| **Arrow Chartering UK Ltd Octavia House, 1 The Blvd Imperial Wharf London, SW6 2UB UNITED KINGDOM** | **Arrow Chartering UK Ltd Octavia House, 1 The Blvd Imperial Wharf UNITED KINGDOM** | Trade Debt | | 159,809.88 |
| **Southport Agencie Inc 2700 LakeVilla Dr. Ste. 180 Metairie, LOUISIANA 70002** | **Southport Agencie Inc 2700 LakeVilla Dr. Ste. 180 Metairie, LOUISIANA 70002** | Trade Debt | | 139,429.26 |
| **Gains Inc Banco Aliado Bldg, Ricardo Arias St Panama REPUBLIC OF PANAMA** | **Gains Inc Banco Aliado Bldg, Ricardo Arias St Panama REPUBLIC OF PANAMA** | Trade Debt | | 137,487.36 |
| **Jia Da Shipping Co., Ltd 7 Flr, EIB Cenre 40 Bonham Strand Hong Kong, Hong Kong** | **Jia Da Shipping Co., Ltd 7 Flr, EIB Cenre 40 Bonham Strand Hong Kong, Hong Kong** | Trade Debt | | 134,827.23 |
| **Cosco Bulk Carriers Co., Ltd Tianjin Ocean Shipping Mansion No. 1 Ocean Plaza, Hebei District Tianjin, 300010 P.R. China** | **Cosco Bulk Carriers Co., Ltd Tianjin Ocean Shipping Mansion No. 1 Ocean Plaza, Hebei District Tianjin, 300010 P.R. China** | Trade Debt | | 129,106.58 |
| **Aegean Breeze Shipping Ltd 913 Gulf Breeze Pkwy #20, Gulf Breeze, FL 32561** | **Aegean Breeze Shipping Ltd 913 Gulf Breeze Pkwy #20 Gulf Breeze, FL 32561** | Trade Debt | | 94,697.40 |

Gardere01 - 7053802v.2

B4 (Official Form 4) (12/07) - Cont.

In re    **GMI USA Management, Inc.**                                                    Case No.

_____
Debtor(s)                                                    _____

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Thurlestone Shipping (Singapore) Pte Ltd 15-97 The Central 8 Eu Tong Sen St. Singapore 059818 Singapore** | **Thurlestone Shipping (Singapore) Pte Ltd 15-97 The Central 8 Eu Tong Sen St. Singapore 059818 Singapore** | Trade Debt | | **93,598.32** |
| **F.H. Bertling Chartering & Ship Management 1 Magazine Rd #03-03 Singapore 59567 Singapore** | **F.H. Bertling Chartering & Ship Management 1 Magazine Rd #03-03 Singapore 59567 Singapore** | Trade Debt | | **87,547.40** |
| **Agencia Maritime Nabsa S.A. Av. Paseo Colon 728, 4th Floor C1063ACU Buenos Aires Argentina** | **Agencia Maritime Nabsa S.A. Av. Paseo Colon 728, 4th Flocr C1063ACU Buenos Aires Argentina** | Trade Debt | | **86,524.23** |
| **M/S Mercator Lines (Singapore) PTE Ltd 8 Temasek Blvd #07-02 Tower Three, Suntec City Singapore 38988 Singapore** | **M/S Mercator Lines (Singapore) PTE Ltd 8 Temasek Blvd #07-02 Tower Three, Suntec City Singapore 38988 Singapore** | Trade Debt | | **74,020.17** |
| **MUR Shipping BV World Trade Ctr Amsterdam Tower H, Zuidplein 164 Amsterdam 1077 XV Netherlands** | **MUR Shipping BV World Trade Ctr Amsterdam Tower H, Zuidplein 164 Amsterdam 1077 XV Netherlands** | Trade Debt | | **70,671.58** |
| **Pacific Bulk Cape Company Ltd Shun Tak Ctr, Sheung Wan Hong Kong, Hong Kong** | **Pacific Bulk Cape Company Ltd Shun Tak Ctr, Sheung Wan Hong Kong, Hong Kong** | Trade Debt | | **66,587.30** |

B4 (Official Form 4) (12/07) - Cont.

In re   **GMI USA Management, Inc.**                                    Case No.

_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| Kawasaki Kisen Kaisha, Ltd. Iino Blvd., Uchisaiwaicho 2-1-1 Tokyo, Chiyoda-Ku 100-0011 Japan | Kawasaki Kisen Kaisha, Ltd. Iino Blvd., Uchisaiwaicho 2-1-1 Tokyo, Chiyoda-Ku 100-0011 Japan | Trade Debt | | 62,373.33 |
| Moore Stephens LLP 150 Aldersgate Street London EC1A 4AB United Kingdom | Moore Stephens LLP 150 Aldersgate Street London EC1A 4AB United Kingdom | Trade Debt | | 54,429.65 |
| Bunge S.A. 13 Route de Florissant Geneva 12, 1211 Switzerland | Bunge S.A. 13 Route de Florissant Geneva 12, 1211 Switzerland | Trade Debt | | 52,145.46 |
| Norvic Shipping North America Inc SSQ Place, 110 Sheppard Avenue East, Suite #309 PO Box 6 Hong Kong, Hong Kong | Norvic Shipping North America Inc SSQ Place, 110 Sheppard Avenue East, Suite #309 PO Box 6 Hong Kong, Hong Kong | Trade Debt | | 47,600.00 |
| Waterfront Shipping & Trading Ltd Universal House, 88-94 Wentworth St London E1 7SA United Kingdom | Waterfront Shipping & Trading Ltd Universal House, 88-94 Wentworth St London E1 7SA United Kingdom | Trade Debt | | 47,411.19 |
| Pacnav SA Panama, C/o Pacnav de Mexico, S.A. de C.V. Rio Mayo # 1477 Col. Vista Hermosa, Cuervanaca, Morelos CP 62290 Mexico | Pacnav SA Panama, C/o Pacnav de Mexico, S.A. de C.V. Rio Mayo # 1477 Col. Vista Hermosa, Cuervanaca, Morelos CP 62290 Mexico | Trade Debt | | 41,362.09 |

Gardere01 - 7053802v.2

B4 (Official Form 4) (12/07) - Cont.

In re   **GMI USA Management, Inc.**                                      Case No.

_____                          _____
Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Hong Kong Grace Shipping Co., Ltd.**<br>**C/O Speedlink Transport Ltd, 30A**<br>**Tower 10, Sputh Horizons**<br>**Hong Kong, Hong Kong** | **Hong Kong Grace Shipping Co., Ltd.**<br>**C/O Speedlink Transport Ltd, 30A**<br>**Tower 10, Sputh Horizons**<br>**Hong Kong, Hong Kong** | Trade Debt | | 40,951.12 |
| **E.A. Gibson Shipbrokers Ltd**<br>**Audrey House, 1-20 Ely Place**<br>**London, EC1P 1HP**<br>**United Kingdom** | **E.A. Gibson Shipbrokers Ltd**<br>**Audrey House, 1-20 Ely Place**<br>**London, EC1P 1HP**<br>**United Kingdom** | Trade Debt | | 40,724.16 |
| **Monson Agencies Pte Ltd**<br>**1 Fifth Ave**<br>**Guthrie House #03-14**<br>**Singapore 268802**<br>**Singapore** | **Monson Agencies Pte Ltd**<br>**1 Fifth Ave**<br>**Guthrie House #03-14**<br>**Singapore 268802**<br>**Singapore** | Trade Debt | | 40,521.98 |
| **Bancosta (UK) Ltd**<br>**78 Cornhill**<br>**London, EC3V 3QQ**<br>**United Kingdom** | **Bancosta (UK) Ltd**<br>**78 Cornhill**<br>**London, EC3V 3QQ**<br>**United Kingdom** | Trade Debt | | 37,282.45 |
| **Sulnorte Servicos Maritimos Ltda**<br>**Rua Antonio Francisco Vianna**<br>**58, Ilha da Madeira**<br>**Itagui 23821280**<br>**Brazil** | **Sulnorte Servicos Maritimos Ltda**<br>**Rua Antonio Francisco Vianna**<br>**58, Ilha da Madeira**<br>**Itagui 23821280**<br>**Brazil** | Trade Debt | | 31,527.00 |
| **Simpson Sence Young**<br>**Lloyds Chambers, 1 Portsoken St.**<br>**London E18PH**<br>**United Kingdom** | **Simpson Sence Young**<br>**Lloyds Chambers, 1 Portsoken St.**<br>**London E18PH**<br>**United Kingdom** | Trade Debt | | 24,180.85 |
| **China Shipping (HK) Marine Inc**<br>**32/Fl., China Merchants Tower**<br>**Shun Tak Ctr**<br>**168-200 Connaught Rd C.**<br>**Hong Kong** | **China Shipping (HK) Marine Inc**<br>**32/Fl., China Merchants Tower**<br>**Shun Tak Ctr**<br>**168-200 Connaught Rd C.**<br>**Hong Kong** | Trade Debt | | 21,585.22 |

B4 (Official Form 4) (12/07) - Cont.

In re    **GMI USA Management, Inc.**                                          Case No. _____

_____
Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Bay-Houston Towing Co**<br>**2243 Milford**<br>**PO Box 3006**<br>**Houston, TX 77253-3006** | **Bay-Houston Towing Co**<br>**2243 Milford**<br>**PO Box 3006**<br>**Houston, TX 77253-3006** | Trade Debt | | **20,607.49** |
| **ICAP Shipping Ltd Dry Cargo Chartering**<br>**2 Broadgate**<br>**London, EC2M 7UR**<br>**United Kingdom** | **ICAP Shipping Ltd Dry Cargo Chartering**<br>**2 Broadgate**<br>**London, EC2M 7UR**<br>**United Kingdom** | Trade Debt | | **20,498.89** |
| **Freight Investor Services Ltd**<br>**80 Cannon St.**<br>**London, EC4N 6HL**<br>**United Kingdom** | **Freight Investor Services Ltd**<br>**80 Cannon St.**<br>**London, EC4N 6HL**<br>**United Kingdom** | Trade Debt | | **13,952.52** |
| **D. Oltman (Hamburg)**<br>**Dienerreihe 2**<br>**Hamburg, 20457**<br>**Germany** | **D. Oltman (Hamburg)**<br>**Dienerreihe 2**<br>**Hamburg, 20457**<br>**Germany** | Trade Debt | | **13,079.58** |
| **ADM Intermara a division of ADM Interntl**<br>**A One Business Center**<br>**La Piece 3, Hong Kong**<br>**Hong Kong** | **ADM Intermara a division on ADM Interntl**<br>**A One Business Center**<br>**La Piece 3, Hong Kong**<br>**Hong Kong** | Trade Debt | | **11,753.07** |
| **Bernhard von Blomberg**<br>**Bellevue 6**<br>**Hamburg, 22301**<br>**Germany** | **Bernhard von Blomberg**<br>**Bellevue 6**<br>**Hamburg, 22301**<br>**Germany** | Trade Debt | | **11,357.23** |
| **Maersk Broker (UK) Ltd**<br>**New Loom House, Ste 1.03**<br>**101 Back Church Lane**<br>**London E1 1L1**<br>**United Kingdom** | **Maersk Broker (UK) Ltd**<br>**New Loom House, Ste 1.03**<br>**101 Back Church Lane**<br>**London E1 1L1**<br>**United Kingdom** | Trade Debt | | **10,864.58** |
| **LBH Australia Pty Ltd**<br>**Ste 403, St Thomas House**<br>**781 Pacific Highway**<br>**Chatswood NSW 2076**<br>**P.O. Box 5550**<br>**West Chatswood NSW 1515**<br>**Sydney, Australia** | **LBH Australia Pty Ltd**<br>**Ste 403, St Thomas House**<br>**781 Pacific Highway**<br>**Chatswood NSW 2076**<br>**P.O. Box 5550**<br>**West Chatswood NSW 1515**<br>**Sydney, Australia** | Trade Debt | | **10,058.13** |

Gardere01 - 7053802v.2

B4 (Official Form 4) (12/07) - Cont.

In re    **GMI USA Management, Inc.**                                    Case No. _____

_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Moore Stephens (Limassol) Ltd. Ariel Corner, 1st Flr., Office 101 196 Arch, Makarios Ave. Limassol CY-3316 CYRPUS** | **Moore Stephens (Limassol) Ltd. Ariel Corner, 1st Flr., Office 101 196 Arch, Makarios Ave. Limassol CY-3316 CYRPUS** | Trade Debt | | **$9,165.23** |
| **Raffles Shipping Group 315 Outram Rd. #09-05 Tam Boon Liat Bldg. Singapore V6C 2G8 SINGAPORE** | **Raffles Shipping Group 315 Outram Rd. #09-05 Tam Boon Liat Bldg. Singapore V6C 2G8 SINGAPORE** | Trade Debt | | **$8,477.36** |

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    **September 15, 2015**                    Signature    _____

                                                            **Justin Knowles**
                                                            **Chief Restructuring Officer**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Gardere01 - 7053802v.2