John P. Melko
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GMI USA MANAGEMENT, INC., *et al*[1] | § | CASE NO. _____ |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

## MOTION FOR ORDER DIRECTING PROCEDURAL
## JOINT ADMINISTRATION OF AFFILIATED DEBTORS
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015

GMI USA Management, Inc. ("GMI USA"), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited, and Global Maritime Investments Resources (Singapore) Pte. Limited (collectively, the "Debtors" and each a "Debtor") hereby file their Motion for Order Directing Procedural Joint Administration of Affiliated Debtors Pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  In support of this Motion, the Debtors respectfully represent as follows:

**I.**

---

[1] The Debtors in these Chapter 11 cases consist of GMI USA Management, Inc. , Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157. These matters concern the administration of these bankruptcy estates; accordingly, these are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested in this Motion is Federal Rule of Bankruptcy Procedure 1015.

**II.
BACKGROUND**

2.  On September 8, 2015 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3.  Each Debtor continues to operate and to manage its business as a "debtor-in-possession" pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases (the "Chapter 11 Cases") pursuant to section 1104 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

4.  The background of the Debtors is set forth in the *First Day Declaration of Justin Knowles*, filed contemporaneously herewith.

**III.
RELIEF REQUESTED**

5.  The Debtors request the Court to order the joint administration of the Debtors' bankruptcy cases. The Court may order the joint administration of the estates of a debtor and an affiliate. The applicable authority for this proposition is found in FED. R. BANKR. P. 1015(b).

6. The Debtors qualify for joint administration because they are affiliates within the meaning of 11 U.S.C. § 101(2)[2]. The corporate structure of the Debtors is provided in the *First Day Declaration of Justin Knowles,* filed contemporaneously herewith.

7. The Debtors believe that the joint administration of these Chapter 11 Cases is warranted by the fact that (i) the financial affairs and business operations of the Debtors are closely related and (ii) administrative and operational expenses are shared by the Debtors. Entry of an order directing joint administration of these Chapter 11 Cases will obviate the need for duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their respective estates.

8. Furthermore, the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates and the Debtors are not at this time seeking substantive consolidation. Each creditor may still file a claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified.

---

[2] Section 101(2) provides in relevant part:

    (2) "affiliate" means—

        (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

        (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

3

9. By reason of the foregoing, the Debtors submit that the best interests of their creditors, their estates, and other parties in interest would be served by joint administration of these Chapter 11 Cases. Accordingly, the Debtors request that the caption of their Chapter 11 Cases be modified to reflect the joint administration of the Chapter 11 Cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| In re:<br><br>GMI USA MANAGEMENT, INC., *et al.*[3]<br><br>Debtors. | Chapter 11<br><br>CASE NO. 15-12552<br><br>(Jointly Administered) |

10. The Debtors also seek the Court's direction that a notation in substantially the following form be entered on the docket sheet of each of the Debtors to reflect the joint administration of the cases:

> An order has been entered directing the procedural consolidation and joint administration of GMI USA Management, Inc., Case No. _____; Global Maritime Investments Holdings Cyprus Limited, Case No. _____; Global Maritime Investments Vessel Holdings Pte. Limited, Case No. _____; Global Maritime Investments Cyprus Limited, Case No. _____; and Global Maritime Investments Resources (Singapore) Pte. Limited, Case No. _____. The docket in Case No. 15-12552 should be consulted for all matters affecting these cases.

11. The Debtors are not aware of an administrative or scheduling order that might require modification as a result of the requested joint administration.

---

[3] The Debtors in these chapter 11 cases, are: GMI USA Management, Inc., federal or foreign tax or registration identification number ([ ]), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited, and Global Maritime Investments Resources (Singapore) Pte. Limited.

4

12. In summary, the Debtors request that their cases be jointly administered for procedural purposes to the extent of the following:

    a. One docket shall be maintained for the Debtors' cases, under the case number assigned to GMI USA;

    b. All pleadings, orders and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to GMI USA;

    c. The United States Trustee shall conduct joint informal meetings with Debtors, if required, and a joint first meeting of creditors;

    d. Counsel for the Debtors shall prepare and maintain one "Consolidated Short Service List" which reflects all parties in interest of all Debtors, and shall prepare and maintain a separate "Master Service List" for each Debtor which further meets the requirements of any order the Court may enter in these cases regarding limitation of notice;

    e. Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g. Separate claims registers shall be maintained for each Debtor; and

    h. One consolidated monthly operating report shall be filed for all Debtors.

### IV.
### NOTICE

13. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) counsel for Francolin; (c) counsel for Activity S.A., Libra Financiere; (d) the fifty (50) largest unsecured creditors of these bankruptcy estates (on a consolidated basis) or members of any unsecured creditors' committee; (e) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (f) the Internal Revenue

5

Service and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. The Debtors submit that no other or further notice need be provided.

## V.
## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to this or any other court.

[*remainder of page intentionally blank*]

WHEREFORE, the Debtors respectfully request this Court to enter an order, substantially in the form annexed to this Motion, granting the relief requested herein and granting such other and further relief as may be just and proper.

Dated: September 15, 2015
       Houston, Texas

Respectfully submitted,

/s/   *John P. Melko*
John P. Melko
Texas State Bar No. 13919600
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
Texas State Bar No. 24070502
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011

PROPOSED COUNSEL FOR THE DEBTORS