John P. Melko
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
713-276-5178 (*direct dial*)
713-276-6178 (*direct fax*)
mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GMI USA MANAGEMENT, INC., *et al*[1] | § | CASE NO. 15-12552-smb |
| | § | |
| Debtors. | § | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JUSTIN KNOWLES IN SUPPORT OF FIRST
DAY MOTIONS, PETITIONS, AND IN ACCORDANCE WITH
LOCAL BANKRUPTCY RULE 1007-2**

JUSTIN KNOWLES declares as follows:

1.    My name is Justin Knowles, and I am a principal of Dean Marine Advisers, a consultancy engaged in maritime advisory, recovery and investment consulting work.  I have been retained as the Chief Restructuring Officer of the Debtors herein.

2.    I submit this declaration as a supplement to the *Declaration of Justin Knowles in Support of Original Petitions, First Day Pleadings and in Accordance with Local Bankruptcy Rule 1007-2* and exhibits thereto [Dkt. Nos. 2 & 3].  Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of information

---

[1] The Debtors in these Chapter 11 cases comprise GMI USA Management, Inc. [1208], Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

supplied to me by other members of the Debtors' management and professionals, my review of relevant documents, or my experience with, and knowledge of, the shipping industry generally, and the Debtors' operations and financial condition. If called as a witness, I could and would testify competently to the facts set forth herein. I am authorized to speak on behalf of the Debtors with respect to the matters covered herein.

3.    I am generally familiar with the Debtors' operations, business affairs and books and records.    As more fully described in the sections below, the Debtors and certain non-debtor affiliates, are engaged in three segments of the dry bulk shipping markets, utilizing Freight Forward Agreements ("**FFAs**"), physical "trading" or supplying of ships for hire, and management of a dry bulk shipping pool on behalf of ships owned directly or indirectly by the Debtors, as well as for third party owners.

4.    On the date of filing of this Declaration (the "**Petition Date**") , the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Southern District of New York, Manhattan Division (the "**Court**").    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in any of these cases.

5.    The overwhelming majority of the Debtors' currently known obligations are comprised of funded debt, in the form of several tranches of unsecured loans as described below. There is no secured debt, other than the possibility of maritime liens, and a relatively small amount of trade debt.    There are potential claims from owners of ships for future charter hire, which may be significant.    There is no prepetition committee.

### CONTACTS WITH THE UNITED STATES AND
### SOUTHERN DISTRICT OF NEW YORK

6.     Debtor GMI USA Management, Inc. is a recently formed New York corporation.  All of the other Debtors are foreign corporations, and all of the Debtors are based in either London, Singapore or Cyprus.  By its very nature, shipping is a worldwide business.  The Debtors' ships regularly call on U.S. ports, and on the Petition Date one of the Debtors' vessels was in US waters headed toward Port of Long Beach to pick up cargo.  Various of the Debtors have been involved in litigation in the United States District Courts for the Southern District of New York, and the Southern District of Texas as either plaintiff or defendant.

7.     The vast majority of the Debtors' debt, roughly $160 million, is from unsecured investments made by Francolin, a Cayman company, on behalf of the United States based Harvard Management Co.  A significant portion of the Debtors' remaining outstanding debt, roughly $2.4 million, is either owed to U.S. creditors or such credit is being managed by U.S. branches of foreign creditors.  Such creditors include:

- ADM Investor Services International Ltd;

- Southport Agencie, Inc.;

- Bay-Houston Towing Co.;

- Deloitte Tax LLP; and

- Applied Weather Technologies, Inc.;

8.     The Debtors also hold an undivided interest in an escrow account (the "**Escrow Account**") with the New York office of Ropes & Gray LLP that was established and funded on September 15, 2015, prior to the filing of the Debtors' petitions, in connection with the Debtors' *Motion for Entry of Interim and Final Orders (a) Authorizing the Debtors to Obain Secured Super-Priority Post-Petition Financing and (b) Prescribing the Form and Manner of Notice and*

*Scheduling a Final Hearing* [Dkt. No. 5]. Such escrow funds are held at Citibank N.A., Account No. 995xxx94, with disbursement conditioned upon entry of interim and final orders and in accordance with an escrow agreement between the Lender, GMI USA Management, Inc. and Ropes & Gray LLP, as escrow agent in an amount not to exceed the amount authorized to be advanced under such interim and final orders. The Debtors' also own an undivided interest in the retainers they have provided to their proposed counsel and financial advisors.

9.     GMI USA Management, Inc. has, since the Petition date, established office space and a mailing address at 25 Broadway, 9th Flr., New York, NY. GMI USA Management, Inc. is in the process of establishing a bank account in the District.

## SUMMARY OF DEBTORS' ASSETS

### A. The Debtors' Ships

10.    The Debtors charter ships from owners under a variety of long term charter agreements. Some of these are long term time charters, whereas others may be viewed as a form of secured financing. Those ships are then sub-chartered out to the Debtors' customers, generally on the spot market. These short term out-charters are either time charters themselves or contracts of affreightment. Shipping companies normally can charter in ships at lower rates than are available on the spot market, and the Debtors sought to capitalize on this difference as part of their business model.

11.  On the Petition Date, the Debtors held interests in the following vessels:[2]



| TC Code | Vessel Name |
|---------|-------------|
| 1 CAPECE-I0001 | CAPE CENTURY |
| 2 CAPENO-I0001 | CAPE NORTHVILLE |
| 3 CAPEPR-I0001 | CAPE PROVIDENCE |
| 4 CAPESP-I0001 | CAPE SPENCER |
| 5 DONGAA-I0001 | DONG-A ARTEMIS |
| 6 ECOST-I0002 | ECOSTAR GO |
| 7 MVEMS-I0001 | EMS |
| 8 GMIATH-I0001 | GMI ATHINOULA |
| 9 GMIJ-I0001 | GMI JANE |
| 10 INFINI-I0002 | INFINITY |
| 11 ISTRIA-I0001 | ISTRIA |
| 12 JIADA-I0001 | JIA DA |
| 13 JIAF-I0001 | JIA FOISON |
| 14 PRIMRO-I0001 | PRIMROSE |
| 15 SUNR-I0001 | SUNRISE |
| 16 YZJ Bareboat - newbuild | FRANCESCA |
| 17 YZJ Bareboat - newbuild | TARITA |
| 18 YZJ Bareboat - newbuild | STEPHANIE |
| 19 YZJ Bareboat - newbuild | EDWARD |
| 20 Time charter - newbuild | CHRISTINE |
| 21 Direct Purchase | PATRIZIA |
| 22 Direct Purchase | LLOYD |
| 23 Time charter - newbuild | TBN |
| 24 Time charter - newbuild | TBN |
| 25 Time charter - newbuild | TBN |
| 26 Time charter - newbuild | TBN |
| 27 Time charter - newbuild | TBN |
| 28 Time charter - newbuild | TBN |

## B. Other Assets

12.  The remaining assets of the Debtors are cash, accounts receivable and, at the Slipway level, the investment in Poolco. The approximate values as of the Petition Date of those assets on a consolidated basis are approximately:

| | |
|---|---|
| Cash | $249,118 |
| Accounts Receivable from Third Parties | $5,552,962 |
| Investment in Poolco | (Undetermined) |

---

[2] The vessels listed on rows 16-28 were under construction on the Petition Date.

13.    The Debtors' cash is held in the following accounts:[3]:

| Bank | Account | Purpose |
|------|---------|---------|
| HSBC Bank PLC, Piraeus. | GR65071xxx36 | Ship Chartering Revenue and Expense |
| HSBC Bank PLC, Piraeus. | GR32071xxx45 | Ship Chartering Revenue and Expense |
| HSBC Bank PLC, Fleet Street, London | GB46MIDL40051xxx01 | Ship Chartering Revenue and Expense |
| HSBC Bank PLC, Piraeus. | IBAN: GR74071xxx36 | General |
| HSBC Bank PLC, Piraeus. | IBAN: GR41071xxx45 | General |
| HSBC Bank PLC, Fleet Street, London | GB60MIDL40051xxx75 | General |
| HSBC Bank PLC, Fleet Street, London | GB81MIDL40051xxx51 | General |
| Oversea-Chinese Banking Corporation Limited | 641-xxxxxx-001 | General |

14.    The Debtors' other assets include an undivided interest in the retainers they have provided to their proposed counsel and financial advisors, as well as an undivided interest in the Escrow Account.

---

[3] On the Petition Date, Debtor Global Maritime Investments Cyprus Limited also had two accounts at Credit Du Nord, 27av de la costa, Monaco. These accounts hold nominal deposits and will be closed shortly.

6

Pursuant to 28 U.S.C. §1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of September 2015.

_____
Justin Knowles