**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GMI USA MANAGEMENT, INC., *et al*[1] | Case No. 15-12552-SMB |
| Debtors. | (Jointly Administered) |

## COMPROMISE SETTLEMENT AGREEMENT

### I.    Parties

The Parties to this Compromise Settlement Agreement are the following:

1.1.  The Debtors
1.2.  HTM Shipping Co., Ltd.
1.3.  Jia Foison Shipping Co., Ltd.
1.4.  Jia Da Shipping Co., Ltd.

### II.    Definitions

2.01.  "Jia Foison Shipping" means Jia Foison Shipping Co., Ltd., owner of *M/V* Jia Foison.

2.02.  "Jia Da Shipping" means Jia Da Shipping Co., Ltd., owner of *M/V* Jia Da.

2.03.  "Jia Foison Charterparty" means that certain time charter agreement for *M/V* Jia Foison dated October 25, 2012 between debtor Global Maritime Investments Cyprus Limited, as charterer, and Jia Foison Shipping, as owner.

2.04.  "Jia Da Charterparty" means that certain time charter agreement for *M/V* Jia Da dated October 25, 2012 between Global Maritime Investments Cyprus Limited, as charterer, and Jia Da Shipping, as owner.

---

[1] The Debtors in these chapter 11 cases comprise GMI USA Management, Inc. (1208), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

2.05. "Debtors" has the meaning ascribed to it in footnote 1 of this Settlement Agreement. The Debtors may be referred to individually as a "Debtor."

2.06. "Bankruptcy Court" means the United States Bankruptcy Court, Western District of Texas, Austin Division.

2.07. "Bankruptcies" means the above styled chapter 11 cases of the debtors, which have been procedurally consolidated under the case style *In re GMI USA Management, Inc.* Case No. 15-12552-SMB, in the Bankruptcy Court.

2.08. "Motion for Approval" means the motion to be filed by the Parties to approve this Settlement Agreement.

2.09. "Manager" means HTM Shipping Co., Ltd., the manager of the Vessels on behalf of Jia Foison Shipping and Jia Da Shipping.

2.10. "9019 Order" means the Order Approving the Motion for Approval.

2.11. "Parties" means the Debtors, the Manager, Jia Foison Shipping, and Jia Da Shipping. The Parties may be referred to individually as a "Party."

2.12. "Owner Parties" means the Manager, Jia Foison Shipping, and Jia Da Shipping. The Owner Parties may be referred to individually as an "Owner Party."

2.13. "Settlement Agreement" means this Compromise Settlement Agreement.

2.14. "Vessels" means *M/V* Jia Foison and *M/V* Jia Da. The Vessels may be referred to individually as a "Vessel."

### III.    Recitals

3.01. The Bankruptcies are currently pending.

3.02. Disputes arose among certain of the Parties concerning their respective obligations under the Jia Foison Charterparty and the Jia Da Charterparty.

3.03. By reason of such disputes and other disputes and controversies, and in order to avoid the expense and inconvenience of further litigation, the Parties desire to enter into this Settlement Agreement.

3.04. The Parties intend the full terms and conditions of the compromise and settlement to be set forth in this Settlement Agreement.

3.05. In consideration of the agreements, representations, warranties, and mutual promises contained within this Settlement Agreement, the Parties agree as follows:

### IV.    Representations and Warranties

The following representations and warranties shall survive the execution of this Settlement Agreement and the completion of the settlement provided below:

**Capacity and Authority**

4.01. The Parties to this Settlement Agreement warrant and represent that they have the power, authority, and capacity to enter into this Settlement Agreement and that this Settlement Agreement is valid, binding, and enforceable upon them.

4.02. Subject to the approval of the Bankruptcy Court as set forth herein, the Parties warrant and represent that, no consent, approval, or authorization of, and no notice to, or filing with, any court, governmental authority, person, or entity is required for the execution, delivery, and performance of this Settlement Agreement.

**No Assignment**

4.03. The Parties warrant and represent that they are the sole owners of the claims, demands, and causes of action herein released and that no such claims, demands,

and causes of action have been assigned, conveyed, **pledged as security** or otherwise transferred in any manner.

## V.    Settlement Terms

This Settlement Agreement is made expressly conditional upon the Bankruptcy Court's approval of all of the terms and provisions of this Settlement Agreement by entry of a final 9019 Order (in form satisfactory to the Parties). In reliance upon the representations, warranties, and covenants in this Settlement Agreement **and conditioned on the approval of the Bankruptcy Court**, the Parties have settled and compromised as follows:

5.01. The Debtors have terminated and the Bankruptcy Court has entered an order approving the Debtors' rejection of the Jia Da Charterparty [Dkt. No. 66]. The bunkers remaining on board *M/V* Jia Da will be valued on the basis of market/spot prices on the date of *M/V* Jia Da's redelivery by the Debtors (as confirmed by Platts).

5.02. The Owner Parties will reinstate the time charter on *M/V* Jia Foison, release any and all liens on all subfreight or subcharter hire and complete the current voyage (which calls for two discharge ports in China), conditioned upon: (1) the Debtors curing, as soon as reasonably possible after entry of a 9019 Order, all defaults in the payment of charter hire from September 16, 2015 to completion of the voyage (currently estimated to be November 25th), and (2) the Owner Parties receiving appropriate assurances and/or guarantees that the Debtors will continue to perform under the time charter through completion of the voyage.

5.03. The Owner Parties will waive any and all claims for pre-petition hire and early termination damages (including termination of any and all pending legal

proceedings related thereto), with the understanding that any remaining bunkers due to the Debtors on completion of voyage will be valued on the basis of market/spot prices on the date of early termination of the time charter (as confirmed by Platts). The amounts due to the Debtors for bunkers onboard the Vessels hereunder shall be applied first to post-petition hire on the Jia Foison. The Owner Parties waive any other claims whatsoever they may have against the Debtors under the Jia Da Charterparty and Jia Foison Charterparty as long as the terms of this Settlement Agreement are complied with.

5.04. The Debtors will make all reasonable efforts to effect the release of *M/V Jia Da* from its arrest in Portland, Oregon, and will dismiss the suit styled *Global Maritime Investments Cyprus Limited v. M/V Jia Da, Her Engines, Tackle, Etc., In Rem, and Jia Da Shipping Co., Limited, In Personam* in the United States District Court for the District of Oregon.[2]

5.05. The Debtors will refrain from asserting any claims against *M/V* Jia Da, Jia Da Shipping, or the Manager (relating to *M/V* Jia Da) in the Bankruptcy Court (or any other jurisdiction) and waive any other claims whatsoever they may have against the Owner Parties under the Jia Da Charterparty, except for bunkers remaining on board the vessel upon redelivery which will be valued on the basis of market/spot prices on that date (as confirmed by Platts) as long as the terms of this Settlement Agreement are complied with.

5.06. After entry by the Bankruptcy Court of a 9019 Order, the Debtors will withdraw their claims against *M/V* Jia Foison, Jia Foison Shipping, and the Manager in the Bankruptcy Court (and refrain from asserting claims in any other jurisdiction), and

---

[2] The Debtors secured *M/V* Jia Da's release from arrest on October 21, 2015.

waive any other claims whatsoever they may have against the Owner Parties under the Jia Foison Charterparty, except for bunkers remaining on board the vessel upon redelivery which will be valued on the basis of market/spot prices on that date (as confirmed by Platts) as long as the terms of this Settlement Agreement are complied with.

5.07. The Parties reserve their respective rights regarding jurisdiction, choice of law and enforcement of this Settlement Agreement should either party fail to comply with the terms of the settlement agreement, including, but not limited to, the Owner Parties' right to object to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York.

5.08. The Parties will work together in good faith to resolve any other issues among them relating to the Vessels.

5.09. The Parties hereby expressly agree, covenant, and promise that they, or any one of them, will not file a pleading (including, without limitation a plan of reorganization or liquidation and/or a disclosure statement) or take or advance a position that conflicts with the terms of this Settlement Agreement.

## VI.    No Admission

6.01    This Settlement Agreement is entered into in settlement of disputed claims and controversies. This Settlement Agreement is not to be construed as an admission of liability nor as an admission of the validity of the allegations of any of the Parties to this Settlement Agreement; all such allegations are expressly denied.

## VII.    Miscellaneous

7.01    The Parties expressly warrant and represent and hereby state that no promise or agreement, which is not herein expressed, has been made to them in executing

this Settlement Agreement; that they are not relying upon any statement or representation of any adverse Party or any adverse Party's agents or representatives; and that they are relying on their own judgment in the execution of this Settlement Agreement.

7.02   If any provision of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

7.03   This Settlement Agreement shall continue perpetually and shall be binding upon the Parties, the Debtors and their estates, and any of their successors and assigns, including without limitation, any trustee or other fiduciary in either or both of the Bankruptcies or upon conversion to chapter 7 of the Bankruptcy Code.

7.04   This Settlement Agreement may not be amended, altered, modified, or changed in any way except in writing, signed by all the Parties to the Settlement Agreement.

7.05   The Parties expressly warrant that they have consulted legal counsel concerning the terms of this Settlement Agreement. Each of the Parties further expressly warrants that its counsel has explained the provisions of this Settlement Agreement, including the scope of the releases herein. Each of the Parties expressly warrants that it fully understands the terms of this Settlement Agreement and that it signs this Settlement Agreement as its own free act. **Each Party represents and warrants that they have conducted a sufficient investigation of all facts and circumstances regarding the claims released herein, and that having fully investigated such claims are relying solely on their judgment and the advice of their counsel, by not statements or**

representations (including omissions) of any other Party, except as may have been expressly set forth herein. This stipulation shall be a full and complete bar to the assertion that any Party was fraudulently induced to enter in to this Agreement.

7.06    Each Party is responsible for its, his, or her own attorneys' fees, expenses and costs.

7.07    Each Party agrees to cooperate and, if necessary, execute additional documents or take additional actions which may be reasonably necessary to effectuate the terms and provisions of this Settlement Agreement.

7.08    This Settlement Agreement has been prepared by the joint efforts of counsel for the Parties and shall not be construed more or less favorably against any Party.

7.09    This Settlement Agreement may be executed in counterparts with the same effect as if the signatures hereto and thereto were upon the same instrument.

7.10    The Parties warrant and represent that they are aware of no challenge to the authority of the signatories hereto. Each Party executing this Agreement represents and warrants that they have full and complete authority to execute this Agreement in the capacity for which their signature appears.

*[The remainder of this page is intentionally left blank.]*

**GMI USA Management, Inc.**

By: _____  Date: 4/11/15
Justin Knowles
Chief Restructuring Officer

**Global Maritime Investments Holdings Cyprus Limited**

By: _____  Date: 4/11/15
Justin Knowles
Chief Restructuring Officer

**Global Maritime Investments Vessel Holdings Pte. Limited**

By: _____  Date: 4/11/15
Justin Knowles
Chief Restructuring Officer

**Global Maritime Investments Cyprus Limited**

By: _____  Date: 4/11/15
Justin Knowles
Chief Restructuring Officer

**Global Maritime Investments Resources (Singapore) Pte. Limited.**

By: _____  Date: 4/11/15
Justin Knowles
Chief Restructuring Officer

**HTM Shipping Co., Ltd.**

By: _____  Date: 5 NOVEMBER 2015
Christopher O. Davis
Counsel and Authorized Signatory

**Jia Foison Shipping Co., Ltd.**

By: _____  Date: 5 NOVEMBER 2015
Christopher O. Davis
Counsel and Authorized Signatory

**Jia Da Shipping Co., Ltd.**

By: _____  Date: 5 NOVEMBER 2015
Christopher O. Davis
Counsel and Authorized Signatory