# GARDERE

John P. Melko
Direct Line: 713-276-5727
Direct Fax: 713-276-6727
Email: jmelko@gardere.com

November 11, 2015

*Via Electronic Mail/ECF*

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
United States Bankruptcy Court,
One Bowling Green, Room 723
New York, New York 10004

Re:     *In re GMI USA Management, Inc., et al*, Case No. 15-12552 (SMB);
        Docket Entry Nos. 85-90

Dear Judge Bernstein:

    As counsel to Debtors, I wish to correct a misstatement made on the record yesterday with respect to the above-referenced Rejection Motions; and to request entry of the orders originally submitted with the Motions.

    Paragraph 5 of Docket Entry Nos. 85-89 and paragraph 1 of Docket Entry No. 90 (an Amended Motion) reflect the date upon which each ship was re-delivered to its respective Owner. For each of the Motions, it is the re-delivery date that we are requesting as the effective date of the rejection of the contract. Yesterday, the Court noted that the Order submitted with Docket Entry No. 85 had an effective date of rejection of September 16. Because of the proximity of that date to the Petition date, it appeared that the Debtors were requesting nunc pro tunc rejections of the Charters at much earlier dates, and perhaps while they still had possession of the ships. The Court expressed a view that the rejections should be effective as of the date of the Motion. I agreed, and as explained below, that was an error.

    As reflected in each of the Motions, the effective date of the rejections that the Debtors seek are the dates upon which the respective ships were returned to the Owners. Each of the Owners had been notified prior to their ships being returned, and the

subsequent filing of the Rejection Motions came as no surprise to the Owners. Because of the prior notice, re-delivery of the ships, and subsequent filing of the Rejection Motions, the Debtors did not expect any objections to be filed, and in fact none were. For that reason, we respectfully request entry of the Orders as originally submitted.

The Court ruled from the bench that the effective dates of rejection would be approved for each Motion as of the date of the Motion. To the extent necessary, Fed. R. Civ. P. 59-60, made applicable to contested matters by Bankruptcy Rule 9023 and 9024 provide requisite authority for this Court to enter the originally proposed Orders.

I apologize for the inconvenience.

Respectfully submitted this 11th day of November, 2015.

Sincerely,

John P. Melko

John P. Melko
Gardere Wynne Sewell LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: 713-276-5727

cc:   Committee Counsel:
      Jay Jaffe
      Colin Dougherty
      DIP Counsel
      James Wilton
      Patricia Chen

      U.S. Trustee Counsel:
      Andrea B. Schwartz
      Susan Arbeit

7319798v.1

7319798v.1