**Hearing Date: December 29, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date: December 22, 2015 at 4:00 p.m. (prevailing Eastern Time)**

John P. Melko
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
713-276-5178 (*direct dial*)
713-276-6178 (*direct fax*)
mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| GMI USA MANAGEMENT, INC., *et al*[1] | § | Case No. 15-12552-smb |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**MOTION FOR AN ORDER AUTHORIZING REJECTION OF EXECUTORY**
**CONTRACT – TIME CHARTER CONTRACT FOR *M/V* GMI ATHINOULA**

The Debtors hereby file this *Motion for an Order Authorizing Rejection of Executory Contract – Time Charter Contract for M/V GMI Athinoula* (the "**Motion**") pursuant to sections 105(a) and 365(a) of the Bankruptcy Code[2] and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Debtors to reject that certain executory contract of the Debtors, dated February 9, 2012, identified as *Time Charter Agreement on M/V*

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of the relevant Debtor's Tax Identification number (if applicable), comprise GMI USA Management, Inc. (1208), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

[2] "**Bankruptcy Code**" shall mean 11 U.S.C. §§ 101, *et seq*.

**PAGE** 1

*GMI Athinoula* (the "**Executory Contract**").[3] In support of the Motion, the Debtors respectfully state as follows:

## I.
## RELIEF REQUESTED

1. By this Motion, the Debtors seek authority under 11 U.S.C. §§ 105(a) and 365(a) to reject the Executory Contract. The Debtors request that the Court authorize the rejection of the Executory Contract effective as of the date *M/V* GMI Athinoula (the "**Vessel**") discharged its cargo at the end of its last voyage—October 15, 2015 (the "**Redelivery Date**") .

## II.
## BACKGROUND

2. The Debtors each filed a voluntary chapter 11 petition on September 15, 2015 (the "**Petition Date**").  Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are continuing to operate their respective business and to manage their respective financial affairs as debtors in possession.

3. The Debtors are engaged in three segments of the dry bulk shipping markets. More background information on the Debtors, and their businesses, can be found in the *Declaration of Justin Knowles in Support of Original Petitions, First Day Pleadings, and in Accordance with LBR 1007-2* filed on the Petition Date (the "**Knowles Declaration**") [Docket No. 2].

4. Prior to the Petition Date, the Debtors were parties to the Executory Contract. Pursuant to the Executory Contract, the Debtors charter the Vessel from Mardinik Shipping Co. Ltd., Cyprus (the "**Owner**").

---

[3] Due to the confidential nature of the terms of and negotiated charter rates set forth in the Executory Contract, the Debtors do not attach a copy of the Executory Contract as an exhibit to this Motion. The Executory Contract may be filed under seal and, subject to the execution of a confidentiality order, disclosed to the United States Trustee of Region 2, the Debtor in Possession Lender, and any Court-appointed committee, upon request.

5. The Debtors have notified the Owner of their intent to reject the Executory Contract, and are making arrangements for the responsible redelivery of the Vessel to the Owner upon entry of an order approving this Motion.

### III.
### BASIS FOR RELIEF

6. Prior to the Petition Date, the Debtors were parties to the Executory Contract. In considering their options with respect to the Executory Contract, the Debtors have determined that the Executory Contract does not have any marketable value beneficial to the Debtors' estates.

7. After evaluating the alternatives for treatment with respect to the Executory Contract, the Debtors have determined that the time-charter rate set forth in the Executory Contract exceeds the rate at which the Debtors can subcharter the Ship at current prices on the spot market. The bulk cargo market in which the Ship operates is currently saturated, and as a result, the Debtors cannot profitably operate the Ship.

8. As noted above, the Debtors have notified the Owner of their intent to reject the Executory Contract. Accordingly, the Debtors request that the Court approve an effective date of rejection as of the Redelivery Date, for purposes of calculating any administrative claim that may be asserted by the Owner.

9. The Debtors have examined the costs associated with their obligations under the Executory Contract and have determined in their business judgment that such costs are substantial and constitute an unnecessary drain on the Debtors' cash resources. By rejecting the Executory Contract, the Debtors will avoid incurring unnecessary administrative costs that provide no tangible benefit to the Debtors' estates and will play no part in the Debtors' future

operations. Accordingly, the Debtors believe that the rejection of the Executory Contract is in the best interest of their respective estates, creditors and other parties in interest.

### IV.
### APPLICABLE AUTHORITY

10. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." "[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984). The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract. *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009). This standard "presupposes that the estate will . . . reject contracts whose performance would benefit the counterparty at the expense of the estate." *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008). This standard is satisfied when a debtor determines that rejection will benefit the estate. *In re Bullet Jet Charter, Inc.*, 177 B.R. 593, 601 (Bankr. N.D. Ill. 1995) (Under the business judgment rule, "courts should approve a debtor's decision to reject . . . where [the debtor] demonstrates that rejection will benefit the debtor's estate or reorganization effort.") (citation omitted). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. at 523.

11. Furthermore, a bankruptcy court has wide discretion to set the applicable effective date of a rejected contract. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (affirming bankruptcy court order retroactively rejecting lease nearly three years after debtor's motion requesting approval to reject).

12. If the Executory Contract is not rejected, the Debtors would end up with obligations to pay under contracts that are providing no benefit to the estates. To mitigate expenses incurred by the estate, the effective date of rejection should be the Redelivery Date.

## V.
## NOTICE

13. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors will provide notice of this Motion to: (a) the United States Trustee of Region 2; (b) counsel for Francolin; (c) Activity S.A., Libra Financiere; (d) the fifty (50) largest unsecured creditors of these bankruptcy estates (on a consolidated basis), and counsel for the Committee; (e) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (f) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. The Debtors submit that no other or further notice need be provided.

## VI.
## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to reject the Executory Contract as of the Redelivery Date (ii) setting a deadline for filing rejection damage claims, and (iii) granting the Debtors such other further relief as is just and proper.

Dated: December 15, 2015
       Houston, Texas

Respectfully submitted,

/s/ *John P. Melko*
John P. Melko
Texas State Bar No. 13919600
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
Texas State Bar No. 24070502
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011

COUNSEL FOR THE DEBTORS

Gardere01 - 7399237v.2