Hearing Date: January 12, 2016 at 10:00 a.m. (prevailing Eastern Time)
Objection Date: January 5, 2016 at 4:00 p.m. (prevailing Eastern Time)

John P. Melko
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
713-276-5178 (*direct dial*)
713-276-6178 (*direct fax*)
mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011

*Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GMI USA MANAGEMENT, INC., *et al*[1] | § | Case No. 15-12552-smb |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**MOTION FOR AN ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT—BAREBOAT CHARTER FOR THE *M/V STEPHANIE* WITH CYGNUS SHIPPING PTE. LTD.**

The Debtors hereby file this *Motion for an Order Authorizing Rejection of Executory Contract—Bareboat Charter for the M/V Stephanie with Cygnus Shipping Pte. Ltd.* (the "**Motion**") pursuant to sections 105(a) and 365(a) of the Bankruptcy Code[2] and Rule 6006 of the Federal Rules of Bankruptcy Procedure authorizing the Debtors to reject that certain executory

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of the relevant Debtor's Tax Identification number (if applicable), comprise GMI USA Management, Inc. (1208), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

[2] "**Bankruptcy Code**" shall mean 11 U.S.C. §§ 101, *et seq*.

**PAGE** 1

contract of the Debtors, dated July 25, 2013, identified as *Bareboat Charter between Global Maritime Investments Cyprus Limited and Cygnus Shipping Pte. Ltd.* (the "**Executory Contract**"), attached hereto as **Exhibit B**. In support of the Motion, the Debtors respectfully state as follows:

## I.
## RELIEF REQUESTED

1.  By this Motion, the Debtors seek authority under 11 U.S.C. §§ 105(a) and 365(a) to reject the Executory Contract. The Debtors request that the Court authorize the rejection of the Executory Contract effective as of December 11, 2015—the date upon which the Debtors informed Cygnus Shipping Pte. Ltd. (the "**Owner**") that the Debtors would be unable to use the vessel for their business (the "**Notice Date**").

## II.
## BACKGROUND

2.  The Debtors each filed a voluntary chapter 11 petition on September 15, 2015 (the "**Petition Date**"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are continuing to operate their respective businesses and to manage their respective financial affairs as debtors in possession.

3.  The Debtors are engaged in three segments of the dry bulk shipping markets. More background information on the Debtors, and their businesses, can be found in the *Declaration of Justin Knowles in Support of Original Petitions, First Day Pleadings, and in Accordance with LBR 1007-2* filed on the Petition Date [Dkt. No. 2] and the *Supplemental Declaration of Justin Knowles in Support of First Day Motions, Petitions, and in Accordance with Local Bankruptcy Rule 1007-2*. [Dkt. No. 61].

4. Prior to the Petition Date, the Debtors were parties to the Executory Contract. The Executory Contract is for the charter of a vessel, the *M/V Stephanie*, that is currently under construction in the Yangziuiang Shipyard.

5. The Debtors are parties to thirteen contracts relating to bulk shipping vessels that are either under construction or to be constructed ("New Vessel Contracts"). The Debtors no longer have any need for these vessels or contracts because they are pursuing an orderly wind-down in these Chapter 11 cases. Over the past several months, the Debtors have undertaken significant marketing efforts in an attempt to sell these New Vessel Contracts to extract some value from them for the benefit of the estates and their creditors.[3] These efforts, however, have been unsuccessful. The value of the type of bulk shipping vessels being built or to be built under these contracts has plummeted during the marketing process, and the Debtors only received a single non-conforming offer for one the contracts. The Debtors, in consultation with their professionals, have determined that prices for the relevant vessels are unlikely to increase during the pendency of these cases such that the sale of one or more contracts yielding a benefit to the estate or its creditors is improbable. Accordingly, the Debtors are moving to reject all of these contracts to avoid future obligations thereunder.

6. The Debtors have notified the Owner of their intent to reject the Executory Contract.

---

[3] *See* Docket No. 73, *Motion of Debtors for Orders (1) Approving Bidding Procedures in Advance of Auction, (2) Authorizing the Assumption, Assignment, and Sale of Certain Executory Contracts, and Associated Property Rights Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (3) Setting Related Deadlines and Hearings, and (4) Granting Related Relief*.

## III.
## BASIS FOR RELIEF

7. After considering their options with respect to the Executory Contract, the Debtors have determined that the Executory Contract is no longer beneficial to the Debtors' estates nor does it have any marketable value.

8. The Debtors have explored alternatives to rejecting this Executory Contract to no avail. After significant marketing of the New Vessel Contracts, the Debtors received only one non-conforming offer. This is largely due to the depressed market for bulk shipping. Because those market conditions will likely not improve in time for the Debtors to realize value from the Executory Contract, selling or assigning the Executory Contract is not a viable option. Accordingly, the Debtors seek to reject the Executory Contract in order to limit their liability thereunder.

9. The Debtors have examined the costs associated with their obligations under the Executory Contract and have determined in their business judgment that such costs are substantial and constitute an unnecessary drain on the Debtors' cash resources. By rejecting the Executory Contract, the Debtors will avoid incurring unnecessary administrative costs that provide no tangible benefit to the Debtors' estates and will play no part in the Debtors' future operations. Accordingly, the Debtors believe that the rejection of the Executory Contract is in the best interest of their respective estates, creditors, and other parties in interest.

10. As noted above, the Debtors have notified the Owner of their intent to reject the Executory Contract. The Debtors request that the Court approve an effective date of rejection as of the Notice Date in calculating any administrative claim that may be asserted by the Owner.

## IV.
## APPLICABLE AUTHORITY

11. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." "[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract. *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009). This standard "presupposes that the estate will . . . reject contracts whose performance would benefit the counterparty at the expense of the estate." *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008). This standard is satisfied when a debtor determines that rejection will benefit the estate. *In re Bullet Jet Charter, Inc.*, 177 B.R. 593, 601 (Bankr. N.D. Ill. 1995) (Under the business judgment rule, "courts should approve a debtor's decision to reject . . . where [the debtor] demonstrates that rejection will benefit the debtor's estate or reorganization effort.") (citation omitted). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. at 523.

12. Furthermore, a bankruptcy court has wide discretion to set the applicable effective date of a rejected contract. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (affirming bankruptcy court order retroactively rejecting lease nearly three years after debtor's motion requesting approval to reject).

13. If the Executory Contract is not rejected, the Debtors would end up with obligations to pay under contracts that are providing no benefit to the estates. To mitigate expenses incurred by the estate, the effective date of rejection should be the Notice Date.

## V.
## RESERVATION OF RIGHTS

14. Notwithstanding anything herein, the Debtors reserve any and all rights to recover any deposits or other advances of funds made by the Debtors in connection with the Executory Contract to the extent permissible under the Executory Contract or applicable law.

## VI.
## NOTICE

15. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors will provide notice of this Motion to: (a) the United States Trustee of Region 2; (b) counsel for Francolin; (c) Activity S.A., Libra Financiere; (d) the fifty (50) largest unsecured creditors of these bankruptcy estates (on a consolidated basis), and counsel for the Committee; (e) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (f) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. The Debtors submit that no other or further notice need be provided.

## VII.
## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) authorizing the Debtors to reject the Executory

Contract as of the Notice Date (ii) setting a deadline for filing rejection damage claims, and (iii) granting the Debtors such other further relief as is just and proper.

Dated: December 18, 2015
      Houston, Texas

Respectfully submitted,

*/s/John P. Melko*
 John P. Melko
Texas State Bar No. 13919600
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
Texas State Bar No. 24070502
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011

COUNSEL FOR THE DEBTORS