FAEGRE BAKER DANIELS LLP
Jay Jaffe (Admitted *Pro Hac Vice*)
Kayla D. Britton (Admitted *Pro Hac Vice*)
600 E. 96th Street Suite 600
Indianapolis, IN 46240

and

Colin F. Dougherty (Admitted *Pro Hac Vice*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Counsel for Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    X

| | |
|---|---|
| IN RE | Chapter 11 |
| GMI USA MANAGEMENT, INC., *et al.*[1], | Case No. 15-12552 (SMB) |
| Debtors. | (Jointly Administered) |

**OBJECTION TO THE DEBTORS' MOTION FOR ORDER AUTHORIZING (I) THE SALE OF EQUITY INTERESTS IN BULK PANAMAX POOL, LIMITED FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND (II) THE ASSUMPTION AND ASSIGNMENT OF RELATED COMMERCIAL <u>MANAGEMENT CONTRACT</u>**

The Official Committee of Unsecured Creditors (the "**Committee**") of GMI USA Management, Inc., et al. (the "**Debtors**") in the above captioned chapter 11 cases (these "**Bankruptcy Cases**"), hereby submits this objection (this "**Objection**") to the *Motion of the Debtors for Order Authorizing (I) the Sale of Equity Interests in Bulk Panamax Pool Limited*

---

[1] This case is being jointly administered with the following cases: In re: Global Maritime Investments Cyprus Limited (Case No. 15-12553-SMB); In re: Global Maritime Investments Holdings Cyprus Limited (Case No. 15-12554 SMB); In re: GMI Resources (Singapore) Pte Limited (Case No. 15-12555-SMB); and Global Maritime Investments Vessel Holdings Pte Limited (Case No. 15-12556-SMB).

*Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; and (II) the Assumption and Assignment of Related Commercial Management Contract* [Doc. No. 181] (the **"Motion"**) . In support of this Objection, the Committee respectfully states as follows:

## Background

1. On December 16, 2015, the Debtors filed the Motion.

2. The Motion, among other things, seeks authority to sell an affiliate of the Debtors to certain insiders of the Debtors (the **"UK Principals"**) and asserts that the Debtors approached other parties regarding the assets to be sold and the contract to be assumed (the **"Poolco Assets"**) but was unable to find a party interested on terms equal to or better than the terms offered by the UK Principals.

3. On December 24, 2015, the Committee was contacted by a representative of Navig8 America LLC (**"Navig8"**). The representative stated that Navig8 was interested in the Poolco assets, had expressed such interest previously to the Debtors and needed more time to complete its due diligence.[2]

4. On December 29, 2015, Navig8, subject to additional due diligence, expressed an interest in acquiring the Poolco Assets in an amount exceeding the UK Principals offer by $100,001.

5. On December 29, 2015, the Debtors asked this Court to continue the hearing on the Motion to January 12, 2016.

6. The Committee's financial advisor provided the Debtors' financial advisor the names of two additional parties potentially interested in acquiring the Poolco Assets. The

---

[2] The Committee was not privy to Navig8's communications with the Debtors and is not alleging that the assertions contained in paragraph 18 of the Motion regarding the interest of other parties in the Poolco Assets are incorrect.

US.103857424.02

Committee understands that the Debtors' advisors have reached out to those other parties and reports that may have interest in the Poolco Assets.

7. As of the date of this Objection, the Committee understands that Navig8 is continuing to conduct its due diligence. The Committee has no information with respect to interest in the Poolco Assets by parties other than Navig8 and the UK Principals.

8. The Committee understands that the Debtors may continue the hearing on the Motion and files this Objection out of an abundance of caution as it does not have enough information to evaluate the proposed sale of the Poolco Assets at this juncture. Between the date of the Objection and the hearing, the Committee will work with the Debtors in an effort to evaluate the options and alternatives and come to a conclusion as to its support of any potential sale of the Poolco Assets.

## Objection

9. The Committee objects to the entry of order granting the Motion until such time as the Committee has had adequate time and received adequate information to evaluate any potential sale of the Poolco Assets.

Dated:     January 5, 2016              **FAEGRE BAKER DANIELS LLP**

                                         */s/* Jay Jaffe
                                         Jay Jaffe (admitted *Pro Hac Vice*)
                                         Kayla D. Britton (admitted *Pro Hac Vice*)
                                         600 E. 96th Street, Suite 600
                                         Indianapolis, IN 46240
                                         Telephone: (317) 569-4687
                                         Facsimile: (317) 237-8587
                                         jay.jaffe@faegrebd.com
                                         kayla.britton@faegrebd.com

                                         and

Colin F. Dougherty (MN Bar No. 0390183)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
colin.dougherty@faegrebd.com

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to Title 28 U.S.C.§1746, that on January 5, 2016, I caused to be served a true copy of the Objection to the Debtors' Motion for Oder Authorizing (I) the Sale of Equity Interests in Bulk Panamax Pool, Limited Free and Clear of All Lines, Claims, Encumbrances, and other Interests and (II) the Assumption and Assignment of Related Commercial Management Contract on all counsel of record, by operation of the Case Management/Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of New York, which automatically causes a notification of the filing to be sent to all ECF participants of record in this matter and by first class mail and email to:

    John P. Melko     jmelko@gardere.com
    Michael K. Riordan   mriordan@gardere.com
    GARDERE WYNNE SEWELL LLP
    1000 Louisiana, Suite 2000
    Houston, Texas 77002-5011

    UNITED STATES TRUSTEE
    Office of the United States Trustee
    U.S. Federal Office Building
    201 Varick Street, Room 1006
    New York, NY 10014
    Andrea.b.Schwartz@usdoj.gov; Susan.Arbeit@usdoj.gov

    Mark R. Somerstein   mark.somerstein@ropesgray.com
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, NY 10036-8704

    James M. Wilton    james.wilton@ropesgray.com
    Patricia I. Chen     patricia.chen@ropesgray.com
    Matthew P. Burrows  matthew.burrows@ropesgray.com
    ROPES & GRAY LLP
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199-3600

Stephen D. Lerner    stephen.lerner@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112

Arthur E. Rosenberg    arthur.rosenberg@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2016                     FAEGRE BAKER DANIELS LLP


/s/ Susan E. Carlson
Susan E. Carlson, Paralegal
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
E-mail:  susan.carlson@faegrebd.com

6