**Hearing Date: January 28, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date: 21, 2016 at 4:00 p.m. (Prevailing Eastern Time)**

John P. Melko
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011

*Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GMI USA MANAGEMENT, INC., *et al*[1] | § | Case No. 15-12552-SMB |
| | § | |
| Debtors, | § | Jointly Administered |
| | § | |

**DEBTORS' MOTION FOR ORDER TO PURSUANT TO 11 U.S.C. §362 FOR ENFORCING THE AUTOMATIC STAY AND FOR CIVIL SANCTIONS**

The Debtors, by and through undersigned proposed counsel, hereby submit this *Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. §362 and* (the "**Motion**") and in support thereof, respectfully represent as follows:

**SUMMARY OF RELIEF REQUESTED**

1.  BHP Billiton ("**BHP**"), a counterparty to the Debtors under two separate charter agreements—the TBN Charterparty and the Cape Spencer Charterparty (as each is defined below)—is willfully and knowingly violating the automatic stay and this Court's Stay Order (as

---

[1] The Debtors in these Chapter 11 cases comprise GMI USA Management, Inc., Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited (the "**Debtors**").

defined below) by: (i) withholding amounts it acknowledges it owes the Debtors under the Cape Spencer Charterparty and; (ii) improperly and incorrectly asserting a right to set off pre-petition amounts actually owed to the Debtors against post-petition "future debts" of the Debtors that BHP claims may arise if the Debtors default under the TBN Charterparty. These withheld payments constitute property of the Debtors' estates, and BHP's refusal to pay such amounts is an attempt to exercise control over property of the estate, and to improperly setoff a debt owed to the Debtors, in clear and direct violation of the automatic stay and the Stay Order.

2. Pursuant to Sections 105 and 362 of the Bankruptcy Code[2] and the inherent contempt powers of this Court, and in accordance with the *Order, Pursuant to Section 105 of the Bankruptcy Code, Enforcing and Restating the Automatic Stay, Ipso Facto and Anti-Discrimination Provisions of Sections 362, 365 and 525 of the Bankruptcy Code* [Dkt. No. 41] (the "**Stay Order**") Debtors hereby request that the Court:

(i) Enter a declaratory judgment that BHP is in express violation of section 362 of the Bankruptcy Code by withholding payment of amounts owed to the Debtors under the Cape Spencer Charterparty;

(ii) Order BHP to immediately pay to the Debtors the amounts owing under the Cape Spencer Charterparty;

(iii) Sanction BHP for withholding the amounts owed to the Debtors under the Cape Spencer Charterparty, including by requiring BHP to pay the attorneys' fees incurred by the Debtors in connection with enforcing their rights under the Bankruptcy Code and the Stay Order; and

(iv) Grant such other and further relief as may be just and proper.

---

[2] All references herein to "Section __ of the Bankruptcy Code" refer to the corresponding provisions of title 11 of the United States Code.

## BACKGROUND

### A. General Case Background

3.      On September 15, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

4.      The Debtors continue to operate and to manage their businesses as "debtors in possession" pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases (the "**Chapter 11 Cases**") pursuant to section 1104 of the Bankruptcy Code. A committee of unsecured creditors (the "**Committee**") has been appointed in these Chapter 11 Cases.

5.      The background of the Debtors is set forth in the *First Day Declaration of Justin Knowles* [Dkt. No. 2] and the *Supplemental First Day Declaration of Justin Knowles* [Dkt. No. 61].

### B. Background On BHP's Stay Violation

6.      The Debtors and BHP are counterparties under two separate charter agreements. Debtor Global Maritime Investments Cyprus Limited ("**GMIC**") is the charterer of a vessel to be built in the future (the "**TBN Vessel**"), under a bareboat charter agreement with BHP as the owner (the "**TBN Charterparty**"). The relevant shipyard has not begun construction of the TBN Vessel, and BHP has no present and enforceable claim for payment against the Debtors under the TBN Charterparty.

7.      BHP is also a sub-charterer of *M/V* Cape Spencer (the "**Cape Spencer**") under the subcharter agreement for the Cape Spencer between GMIC and BHP (the "**Cape Spencer Charterparty**"). BHP has openly admitted, in its letter to the Debtors' Chief Restructuring Officer dated October 30, 2015, (the "**October 30 BHP Letter**", attached hereto as **Exhibit A**),

3

that BHP owes the Debtors at least US$154,075.80 for pre-petition subcharterhire (the "**Charterhire**").

8. The October 30 BHP Letter further states, however, that BHP is withholding payment of this pre-petition Charterhire under the Cape Spencer Charterparty to set off against damages it may have if GMIC defaults under the TBN Charterparty in the future. BHP fails to cite a basis for BHP's alleged right to withhold payments owed to the Debtors, or identify any basis for the damages it may allegedly incur in connection with the TBN Charterparty. Instead, the October 30 BHP Letter appears to assume that the proposed "set off" is proper simply because BHP owes money to the Debtors under one contract and BHP thinks the Debtors may default under a separate contract.

9. On November 23, 2015, counsel for the Debtors responded with a letter (the "**GMI Letter**", attached hereto as **Exhibit B**) demanding payment of the Charterhire, and informing BHP that: (1) BHP is violating the automatic stay; (2) BHP's estimate of damages for a possible future default on a contract for a vessel that has not yet been built is speculative and does not constitute a claim; and (3) BHP's attempt to set off pre-petition and post-petition obligations is impermissible under the Bankruptcy Code.

10. On December 2, 2015, BHP responded with a letter (the "**December 2 BHP Letter**", attached hereto as **Exhibit C**) admitting that it is withholding payment of the Charterhire for a "future debt," but nonetheless insisting, without support, that BHP is entitled to a setoff.

11. As of the date of this filing, BHP continues to withhold payment of the Charterhire.

## JURISDICTION

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested in this Motion are Sections 105(a) and 362 of the Bankruptcy Code and the inherent contempt powers of this Court.

## BASIS FOR RELIEF

### I. THE COURT SHOULD ENFORCE THE AUTOMATIC STAY AND IMPOSE SANCTIONS ON BHP FOR WITHHOLDING FUNDS PAYABLE TO THE DEBTORS

#### A. BHP is Violating the Automatic Stay by Withholding the Charterhire

13. The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). Courts have consistently held that contract rights are property of the estate and any rights of the debtor thereunder are therefore protected by the automatic stay. *In re Baltimore Marine Indus.*, 476 F.3d 238, 240 (4th Cir. 2007) ("[a]mounts owed to the debtor under existing contracts are included within the estate"); *In re Enron Corp.*, 300 B.R. 201, 212 (Bankr. S.D.N.Y. 2003) ("contract rights are property of the estate . . . [and] are protected by the automatic stay"). BHP's refusal to pay the Charterhire that BHP admits it owes the Debtors under the Cape Spencer Charterparty constitutes an act to "exercise control over property of the estate" and is barred by the automatic stay.

14. BHP's claim that it is permitted to retain the Charterhire under the Bankruptcy Code as a set off against future damages from some unidentified future default under the TBN

5

Charterparty is incorrect. Bankruptcy Code §362(a)(7) provides that the automatic stay bars "the setoff of **any** debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." (emphasis added). Subject to certain exceptions, Bankruptcy Code §553 preserves a creditor's rights, if any, under applicable non-bankruptcy law to assert a set off of "mutual" pre-petition obligations between that creditor and a debtor.

15. However, Bankruptcy Code §553 does not save BHP from its stay violation. As a threshold issue, even a creditor that has a valid right to set off opposing obligations under §553 must obtain approval of the bankruptcy court to do so. *See In re Lehman Bros. Holdings Inc.*, 541 B.R. 551, 581 (S.D.N.Y. 2015) ("As a general matter, a creditor is precluded by the automatic stay from exercising its setoff rights without first obtaining bankruptcy-court approval."); *In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 465-66 (Bankr. S.D.N.Y. 2007) ("Whether to allow a setoff is within the sound discretion of a bankruptcy court.") (citing *In re Bennett Funding *466 Group, Inc.,* 146 F.3d 136, 140 (2d Cir. 1998)). BHP's unilateral, extrajudicial attempt at setoff fails this requirement right out of the gate, and constitutes a *per se* violation of the automatic stay.

16. Furthermore, even if BHP had sought the Court's approval, BHP could not satisfy the Bankruptcy Code's requirements for setting off obligations owed to a debtor. Bankruptcy Code §553 requires BHP to have a "claim" in order to set off. BHP simply does not have a claim at this time. The Bankruptcy Code defines the term "claim" as

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

BHP openly admits it is attempting to set off the Charterhire against a "future debt", *i.e.*, BHP admits it does not have a claim but thinks it may have one in the future if the Debtors default under the TBN Charterparty. Without a claim, BHP has no right to setoff any obligations of the Debtors.

17. Pursuant to the Cape Spencer Charterparty, and by BHP's own admission, the Debtors are entitled to the Charterhire. These amounts owed to the Debtors under the Cape Spencer Charterparty constitute property of the estate. BHP's refusal to pay these amounts to the Debtors, and assertion of improper and invalid rights to setoff against a "future debt," constitute acts to "exercise control over property of the estate" and to setoff a "debt owing to the debtor that arose before the commencement of the case," and are prohibited by the automatic stay. The Court should enter an Order declaring BHP's withholding of the Charterhire a violation of the automatic stay, and directing BHP to immediately pay all amounts due to the Debtors under the Cape Spencer Charterparty.

**B. Actual Damages, Attorneys' Fees, and Costs**

1. The Court may award damages for violation of the automatic stay to a corporate debtor pursuant to its equitable powers and in enforcement of the Court's civil contempt power under Section 105 of the Bankruptcy Code. *See* 11 U.S.C. §105; *In re A.C.E. Elevator Co., Inc.*, 2009 WL 3255381, at *6 (Bankr. S.D.N.Y. Oct. 7, 2009) (noting that corporate debtors may seek damages under a Bankruptcy Court's "general contempt power to punish violations of the automatic stay."). The threshold for imposing such contempt damages "is not particularly high, . . . . it merely must be shown that the alleged violator had knowledge of the bankruptcy case and the existence of the automatic stay." *In re A.C.E. Elevator Co., Inc.*, 2009 WL 3255381, at *6.

2. BHP has regular contacts with courts in the United States, and has participated in chapter 11 cases on multiple occasions. The October 30 BHP Letter and December 2 BHP

7

Letter demonstrate BHP's familiarity with the United States bankruptcy laws. Beyond BHP's prior familiarity with U.S. bankruptcy law, counsel for the Debtors expressly informed BHP that withholding the Charterhire in an impermissible attempt at set off violates the automatic stay. Despite this, BHP continues to violate the automatic stay by withholding and controlling funds properly payable to the Debtors, and impermissibly asserting a right to set off pre-petition amounts owed to the Debtors under the Cape Spencer Subcharterparty against speculative damages from a future default under the TBN Charterparty. BHP continues to engage in a willful violation of the Bankruptcy Court's court-ordered automatic stay injunction, and the Debtors are accordingly entitled to actual damages, attorneys' fees, and costs.

3. As such the Debtors, reserve their rights to seek actual damages against BHP, and request that the Court award it its reasonable attorneys' fees and costs incurred in bringing the Motion to enforce the provisions of the Bankruptcy Code.

## I.   NOTICE

4. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors will provide notice of this Motion to: (a) the United States Trustee for Region 2; (b) counsel for Francolin; (c) Activity S.A., Libra Financiere; (d) the fifty (50) largest unsecured creditors of these bankruptcy estates (on a consolidated basis) and counsel to the Committee; (e) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (f) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. The Debtors submit that no other or further notice need be provided.

## II.   NO PRIOR REQUEST

5. No prior request for the relief sought in this Motion has been made to this or any other court.

8

WHEREFORE, the Debtors respectfully request that the Court (a) enter an Order substantially in the form attached hereto granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court deems proper.

Dated January 11, 2016

      Houston, Texas

Respectfully submitted,

/s/*John P. Melko*
John P. Melko
Texas State Bar No. 13919600
713-276-5727 (*direct dial*)
713-276-6727 (*direct fax*)
jmelko@gardere.com
Michael K. Riordan
Texas State Bar No. 24070502
713-276-5178 *(direct dial)*
713-276-6178 *(direct fax)*
mriordan@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011

COUNSEL FOR THE DEBTORS

7381632v.3