FAEGRE BAKER DANIELS LLP
Jay Jaffe (Admitted Pro Hac Vice)
Kayla D. Britton (Admitted Pro Hac Vice)
600 E. 96th Street Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-4687
Facsimile: (317) 237-8587

- and -

Colin F. Dougherty (Admitted Pro Hac Vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Counsel for the Liquidating Trust

- and -

HALPERIN BATTAGLIA BENZIJA, LLP
Christopher J. Battaglia, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for the Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 15-12552-SMB |
| GMI USA MANAGEMENT, INC., et al.,1 | |
| | (Jointly Administered) |
| Debtors. | |

**FINAL REPORT, CERTIFICATION, AND MOTION FOR
<u>ENTRY OF A FINAL DECREE AND ORDER CLOSING THIS CASE</u>**

---

1 The Debtors in these chapter 11 cases comprise GMI USA Management, Inc. (1208), Global Maritime Investments Holdings Cyprus Limited, Global Maritime Investments Vessel Holdings Pte. Limited, Global Maritime Investments Cyprus Limited and Global Maritime Investments Resources (Singapore) Pte. Limited.

{00283673.1 / 1199-001 }

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Charles M. Berk, the liquidating trustee (the "Trustee") of the GMI USA Management, Inc. and its Affiliated Debtors Liquidating Trust (the "Trust"), established pursuant to the confirmed Plan (as defined below) of the above-captioned Debtors (the "Debtors"), by and through its undersigned counsel, hereby files this final report, certification and motion for entry of a final decree and order closing this case (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

## BACKGROUND

1. GMI USA Management, Inc. ("GMI USA") and its affiliated debtors (the "Affiliated Debtors") each filed a voluntary chapter 11 petition on September 15, 2015.

2. On December 20, 2016, the bankruptcy court (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the Debtors' Third Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan") which Plan became effective on December 30, 2016 (the "Effective Date").

3. On the Effective Date, and as provided for by the Bankruptcy Code, the Plan, and the Confirmation Order, the Debtors and non-debtor Global Maritime Investments Limited, a Cayman Islands limited company and wholly owned subsidiary of one of the Debtors, were substantively consolidated into the estate of GMI USA.

4. On the Effective Date, and pursuant to the Bankruptcy Code, the Plan, the Confirmation Order, and the GMI USA Management, Inc. and its Affiliated Debtors Liquidating Trust Agreement dated as of December 20, 2016, the assets of the consolidated entities were conveyed and transferred to the Liquidating Trust.

2

5.      On June 19, 2017, the Bankruptcy Court entered a final decree closing the chapter 11 cases of the Affiliated Debtors. The GMI USA case is the only case among the Debtors' cases that remains open.

6.      Pursuant to the Post-Confirmation Order, the Trustee is responsible for preparing and filing all periodic status reports with the Court. On June 30, 2017, the Trustee filed *First Post-Confirmation Status Report* (the "First Report") [Docket No. 492]. Subsequently, the Trustee filed *Second Post-Confirmation Status Report* (the "Second Report") [Docket No. 542], and the *Third Post-Confirmation Status Report* (the "Third Report") [Docket No. 565]. The *Final Post-Confirmation Status Report* (the "Final Report") is filed contemporaneously herewith as **Exhibit A**.

## THE CURRENT STATUS OF THIS CASE

7.      As of the date of this Motion, the Plan has been fully administered and the Trustee has substantially fulfilled his responsibilities thereunder. Specifically, the following has occurred:

(a) All Disputed Claims have been resolved.

(b) All adversary proceedings have been brought and resolved.

A report of the disbursements, distributions, and transfers made pursuant to the Plan is attached hereto as **Exhibit A**.

8.      The Trustee completed his review of claims and claims objections, as well as other potential claims and causes of action on behalf of the estate. All such claims and causes of action have been resolved as of the date of this Motion. There are no unresolved adversary proceedings or motions in this case, and all settlements have been fully implemented.

9.      On November 15, 2018, the Trustee filed a *Motion to Extend the Termination Date of the Liquidation Trust* (the "Extension Motion") [ECF Dkt. No. 570]. The hearing on the

Extension Motion is scheduled for December 27, 2018 and the Trustee intends for the Chapter 11 Case to be closed after the termination date of the Trust is extended.

10. On November 29, 2018, the Trustee filed a *Notice of Amendment to Schedule F*.

11. The Trustee will make distributions to creditors in accordance with the terms of the Liquidating Trust.

12. The Trustee therefore respectfully submits that, the requirements of Fed. R. Bankr. P. 3022 having been met, good cause exists for the entry of a final decree and order closing this chapter 11 case.

## **CERTIFICATION**

13. The Trustee, by his signature below, certifies that, to the best of his knowledge after due inquiry, the facts recited herein are accurate, and avers that the above facts establish that the Final Decree may be entered.

## **NOTICE**

14. Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) all Holders of Allowed Claims, and (c) all parties that filed notices of appearance in this case pursuant to Fed. R. Bankr. P. 2002 prior to the date hereof.  The Trustee submits that no other or further notice is necessary.

15. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests entry of the Proposed Order attached hereto as **Exhibit B**, closing this case and granting the related relief sought herein, and granting such other relief as may be just and proper.

Dated: December 17, 2018

By:   */s/ Colin F. Dougherty*
FAEGRE BAKER DANIELS LLP
Jay Jaffe (Admitted Pro Hac Vice)
Kayla D. Britton (Admitted Pro Hac Vice)
600 E. 96th Street Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-4687
Facsimile: (317) 237-8587

- and -

Colin F. Dougherty (Admitted Pro Hac Vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Counsel for the Liquidating Trust

- and -

HALPERIN BATTAGLIA BENZIJA, LLP
Christopher J. Battaglia, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for the Liquidating Trust*

GMI USA MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS LIQUIDATING TRUST

By:   */s/ Charles Berk*
Name: Charles Berk
Title: Liquidating Trustee

5